OLMSTEAD survivor *against* WEBSTER impleaded with
Rumsey.

| | |
|---|---|
| 8 | 413 |
| 123 | 118 |
| 8 | 413 |
| 141 | 450 |

Where a debt owing by a partnership is merged in a judgment recovered against one of the partners, a *vacatur* of the judgment saving the rights of the partner not sued, will not revive the cause of action as against him.

This action was brought in the supreme court against the defendants for a debt incurred by them, as partners, in May, 1845, on the purchase of a bill of goods, the partnership being conducted in the name of Rumsey alone. The defendant Webster, in his answer, alleged that on the 31st of October, 1845, the plaintiffs received from the defendant Rumsey, cash and Rumsey's notes, in full payment for the goods, and that in April, 1846, he commenced an action against Rumsey, in the recorder's court in the city of Buffalo, for the debt, and recovered a judgment thereon. The plaintiffs replied that on the 15th of January, 1849, and before the commencement of this action, the judgment against Rumsey was vacated. The cause was tried at the Erie circuit in July, 1850, when a nonsuit was ordered, and the judgment was affirmed at a general term in the eighth district. The facts which appear from the bill of exceptions are sufficiently stated in the opinion of the court

*A. G. Stevens,* for appellant.

*E. Ford,* for respondent.

GARDINER, J.   The plaintiffs in the spring and fall of 1845, sold goods to the defendant Rumsey, and in October received his notes on time for the balance, then due them. Webster, during the time aforesaid was a silent partner, and continued to be such until the spring of 1846, when the partnership was dissolved. In March, 1846, the plaint-

iffs süed Rumsey in the Recorder's Court in the city of Buffalo, and recovered judgment against him upon the notes given for the goods specified in the complaint in this action. On the 18th December, 1848, two years and eight months subsequent to the rendition of the judgment against Rumsey, the latter and the plaintiffs, by stipulation, vacated the judgment, and the vacatur was entered upon the record by a common rule without application to the court. Subsequently, on the application of Webster, the Recorder's Court directed by rule, that the vacatur be so modified as to reserve all the rights of Alanson Webster, and all other persons not parties to the record; and that so far as these rights were concerned the payment should remain in full force, and be used in the same manner and with the same effect, either as evidence in bar of any other action for the same cause or otherwise, as if this vacatur as to said Rumsey had not been entered." The vacatur produced in evidence contained in the body of it this modification; and the only question is as to the effect of this judgment upon the rights of the plaintiffs. When the judgment against Ramsey was obtained, the cause of action against him and his copartner was merged. This was so held in *Robertson* v. *Smith*, (18 *J. R.* 481,) in a case precisely like the present; and the law of that case has never been directly questioned since. The judgment severed the joint liability of the defendants, and either of them consequently could plead it in bar of an action founded on the original promises. The vacatur provides that this right and all others pertaining to Webster, should be reserved, and as to him the judgment should remain in full force. The defendants acquiesced in the decision and consented that the judgment should remain in force and be used as evidence or in bar of any other action, as if no vacatur had been entered. It seems to me that the case is too plain for argument. A valid judgment against one of the parties, procured by the voluntary act of the plaintiffs, being admitted, the plaintiffs were bound to show that judgment disposed of in such a

manner as to be unavailable to the defendant Webster, either as evidence or in bar of the original cause of action. And they have produced a vacatur which proves exactly the reverse of all this.

I think the judge at the trial and the supreme court decided correctly, and that the judgment should be affirmed.

MASON, J., read an opinion in favor of an affirmance of the judgment.

JEWETT, TAGGART and MORSE, JJ. concurred with Judges GARDINER and MASON, in favor of affirmance.

WILLARD, J., was for reversal of the judgment and a new trial, on the ground that upon vacating the judgment no rights could be reserved to parties who had acquired them by the merger.

RUGGLES, Ch. J. and JOHNSON, J., gave no opinion.

Judgment affirmed.