OLMSTEAD *against* WEBSTER & RUMSEY.

### *Merger of demand by judgment.*

IN 1845, Olmstead & Herbert, merchants, sold goods to Rumsey, on credit, and afterwards prosecuted the claim to judgment in the Recorder's Court, at Buffalo. After the recovery of the judgment, the plaintiffs learned that Webster was a secret partner with Rumsey when the goods were purchased. They then entered into a stipulation with Rumsey that the judgment against him should be vacated. The stipulation was filed and an order to that effect entered, and a vacatur indorsed on the record.

This suit was soon after commenced by Olmstead & Herbert, in the Supreme Court, against Webster & Rumsey, to recover the original indebtedness. Web-

ster then applied to the Recorder's Court on notice to the plaintiffs, and obtained an order to modify the vacatur entered on the record against Rumsey, so that the judgment, so far as the said Webster and all other persons not parties to the record, and their rights, were concerned, should remain entirely unaffected by such vacatur, and should be and continue in as full force, and be used in the same manner, and with the same effect either as evidence in bar of any other action for the same cause or otherwise, as if the vacatur as to the said Rumsey had not been entered; and the entry on the record was modified accordingly.

These facts were set forth in the pleadings in this suit, and proved on the trial. The plaintiff, Olmstead, survivor (Herbert having died), was nonsuited, and judgment was entered in favor of the defendants.

This court affirmed the judgment, holding that the indebtedness was merged by the judgment in the Recorder's Court against Rumsey, and was not revived by the vacatur.

(S. C., 8 N. Y. 413.)