## Case No. 6,420.

### In re HERRICK et al.

[13 N. B. R. (1876) 312.] [1]

District Court, N. D. New York.

BANKRUPTCY — NOTE OF PARTNER — LIABILITY OF FIRM—JUDGMENT AGAINST PARTNERS AND OTHERS —SEVERAL CLAIM—UNAUTHORIZED DECLARATION OF DIVIDEND.

1. If a person loans money for the use of a firm, and accepts the note of one partner, he cannot maintain an action against the firm.

2. If a party who accepts the note of one partner is ignorant that the loan is for the firm, he cannot maintain an action against the firm after he has recovered a judgment against the partner on the note.

3. A judgment against partners and others jointly, is a several claim as against the bankrupts, and cannot receive a dividend from the joint estate.

4. If the declaration of a dividend on a particular claim was unauthorized, the assignee may withhold its payment.

In bankruptcy.

WALLACE, District Judge. This is an application by a creditor of the separate estate of Hugh T. Herrick, to have the proof of debt against such estate filed by one Brooks expunged. By the petition and answer of the parties, it appears that Brooks proved a judgment recovered against the bankrupts and four others, and assigned to him, as a debt against the bankrupts jointly, and after a dividend had been declared, he proved the same judgment as a debt against the separate estate of Hugh T. Herrick, alleging in the second proof that the judgment was recovered upon a note made by Hugh T. Herrick individually, and indorsed by George Herrick. Brooks now insists upon his right to a dividend from both the joint estate and the individual estate of Hugh T. Herrick, and avers that the note upon which the judgment was obtained, though made by Hugh T. Herrick, and indorsed by George Herrick, was made and negotiated for the benefit of the firm of which they were partners, and that the firm actually received the avails of the note. Brooks contends that by reason of these facts, the bankrupts were liable to him both jointly and severally, and that he is, therefore, entitled to prove against both estates; while on the part of the petitioner, it is insisted that Brooks had his election as to which estate he would resort, and by proving against the joint estate exercised that election, and is now precluded from resorting to the individual estate. Numerous adjudications in the courts of the United States affirm the right of a creditor who holds the obligation of a partnership, and of one or of all of the partners severally for the same debt, when the several obligation is distinct from and cumulative to the joint obligation, to prove in bankruptcy against both the joint and individual estates. In England, the creditor in such case is put to his election, though the rule has been repeatedly reprobated by her judges as founded upon no sound principle or analogy. 9 Ves. 124; 10 Ves. 109. It has been repudiated in this country, because at law a creditor has always been permitted to pursue all his remedies upon a joint and several obligation for the same debt until he obtains satisfaction in full, and because his right to do so is contemplated by the parties to the obligation when it is created; the remedy being the controlling consideration which gives rise to a joint and a several security for the same debt.

[1] [Reprinted by permission.]

None of these reasons, however, sanction the position assumed by the creditor here. When the note which was the foundation of the claim was negotiated, if the person who advanced money upon it knew that it was for the firm, inasmuch as he accepted the individual liability of the member who signed it as maker, he could not have maintained an action against the other partner. It is not alleged that he did not know that the note was made for the benefit of the firm. But if he had been ignorant that the maker was, in fact, the agent of the firm, he could have maintained an action against all the partners. Instead of bringing such an action, he brought one against the partner who signed only, and obtained judgment in that action. His right of action upon the original consideration of the note merged in the judgment, and thereafter he could not have maintained an action against the other partner upon it.

Peters v. Sanford, 1 Denio, 224; Robertson v. Smith, 18 Johns. 459; Olmstead v. Webster, 8 N. Y. 413. If his right to prove rests, therefore, upon the recognition by this court of his remedies at law, he has no remedy against both estates. If it rests on the theory that the intention of the parties should be effectuated, here it was not the intention that the person who advanced money upon the note, should have the security of the joint and also of the several liability of the partners. The intent of the partners, as evinced by the note, was clearly that he should have only their several obligations, the one as that of maker, the other as that of indorser. The attempt of the creditor here, is one to obtain satisfaction from the joint estate and from the individual estate, of a demand which was originally either several or joint, but was never both several and joint. His position is not sanctioned by precedent, or by any analogy or principle; it would be repugnant to common honesty to sanction it, for, if his attempt were successful, it would be a fraud upon the other creditors of the bankrupt, who are all as much entitled to double dividends upon their debts as this creditor is to a double dividend on his. I sincerely regret that I am unable to hold that he is concluded, by his action, from receiving a dividend from the individual estate. Though he attempted to prove his claim against the joint estate, the proof deposed to and filed by him, shows upon its face a claim against the bankrupts severally and not jointly. While the deposition avers that the bankrupts are jointly indebted to him, it sets out as the particular statement of the demand, a judgment recovered against the bankrupts, and four other persons jointly. The averment of the facts and not of the legal conclusion must control to determine whether the claim is upon a joint or upon a several demand. The judgment described is not an obligation joint as to the bankrupts, but joint as to them and four other persons. It constitutes a debt against each, and against both, but not a joint debt. If an action were brought upon it, it could not be maintained against the two alone. Even in the case of a joint and several obligation, it is familiar doctrine that the liability is several as to each and joint as to all; it cannot be treated as several as to some of the obligors and joint as to the others; the obligee must proceed either severally against each, or jointly against all.

The liability disclosed in the proof was not one which could be enforced against the bankrupts as a joint liability, and therefore, not one upon which a dividend could be compelled from the joint estate. Of this the assignee and all the creditors had ample notice. It cannot logically be maintained that Brooks, by proving a debt which, upon the face of his deposition, was one against the bankrupts severally, thereby elected to resort to the joint estate. The dividend declared upon this debt from the joint estate, was unauthorized, and the assignee can now withhold its payment. That Brooks intended to obtain a dividend from the joint estate is not material; the law does not attempt to deal with intent, however culpable morally that intent may be, unless it culminates into some act that is injurious. Here no one could be prejudiced, in a legal sense, by the act of Brooks. Inasmuch as the second proof was for the same debt as that set forth in the first, it should be expunged. Order accordingly.