JOSEPH SPEARS et al., Respondents, *v.* THE MAYOR, ALDER-MEN AND COMMONALTY OF THE CITY OF NEW YORK, Impleaded, etc., Appellant.

The authority of the court to permit or refuse a supplemental pleading has not been changed or affected by the new Code. (Section 544.) The declaration therein that the court, "in a proper case must, upon such terms as are just," permit a party to make such a pleading, simply presents the law as it existed before.

The party must apply to the court for leave, which must be granted, unless the motion-papers show a case in which the court may exercise a discretion in granting or refusing leave.

When such a case appears, the exercise of this discretion is not reviewable here.

(Argued January 29, 1878; decided February 5, 1878.)

APPEAL from an order of the General Term of the Supreme Court in the first judicial department, affirming conditionally an order of Special Term denying a motion on the part of the Mayor, etc., appellant, for leave to file a supplemental answer.

This action was brought to establish plaintiff's right to an award made to one Thompson, for property taken for widening Broadway in the city of New York.

Plaintiff claimed as assignee of Thompson, defendant Matthews also claimed to be entitled to the award. The fund in controversy was in the hands of the city at the time the action was commenced. In its answer the corporation set forth want of knowledge as to the respective rights of the claims, and declared a willingness to pay to the party entitled. On trial plaintiff's complaint was dismissed. The judgment was reversed on appeal to the General Term, and judgment directed for plaintiffs. (10 Hun, 160.) This was subsequently modified so as to order a new trial.

In June, 1877, this motion was made to serve a supplemental answer, setting up payment to Matthews in August, 1876, pending the appeal to the General Term. The motion was

denied by the Special Term. The General Term affirmed the order on condition that plaintiffs would stipulate that proof of the payment by the city to Matthews might be given, not as a defense, but as a fact to enable provision to be made in the judgment to compel plaintiffs to inforce it against Matthews first, before resort to the city.

*D. J. Dean*, for appellants. The appeal from the order of the General Term was authorized by the Civil Code. (Civil Code, §§ 190, 544; *Fassett* v. *Talcott*, 15 Abb., 205; *Medbury* v. *Swan*, 46 N. Y., 202.) If the sufficiency of a proposed supplemental answer is a matter of doubt the court will permit the defense to be made upon terms that the question may be settled finally on deliberate trial and hearing. (*Lyon* v. *Isett*, 11 Abb. [N. S.], 355; *Stewart* v. *Isidor*, 5 id., 68; *Morrell* v. *Gardly*, 16 Abb. Pr., 269; *Hoyt* v. *Sheldon*, 4 id., 59.)

*Amasa J. Parker* and *G. A. Seixas*, for respondents. The order of the General Term was not appealable. (Old Code, § 177; Civil Code, §§ 190, 554, subd. 2; *Medbury* v. *Swan*, 46 N. Y., 200; *Cheeseman* v. *Sturges*, 19 Abb., 293; *Salters* v. *Genin*, 10 id., 479.)

Folger, J. We are of the opinion that the order in this case is not appealable. It is conceded by the appellant that under the former Code of Procedure (§ 177), the allowance of a supplemental answer was in the discretion of the court to which the motion therefor was made; but it is claimed that by the present Code (§ 544), it is no longer discretionary, and that "*the court  *  *  *  in a proper case must*, upon such terms as are just, permit" a supplemental answer. We do not agree entirely either with the concession or the claim.

In *Holyoke* v. *Adams* (59 N. Y., 233), we considered this question with the aid of the prior decision in *Medbury* v. *Swan* (46 N. Y., 200). We there (59 N. Y., *supra*) said :

"That generally a defendant has a right to set up, by supplemental answer, matter of defense which has occurred or come to his knowledge subsequently to the putting in of his first answer, but that he must apply to the court, by motion, for leave so to do, so that the opposite party may be heard, and the court may determine whether there has been inexcusable *laches*, or whether any of the reasons appear which are recognized as giving authority for denying the exercise of the general right in the particular instance; and the court must grant leave, unless the motion papers show a case in which the court may exercise a discretion as to granting or withholding leave." And in that case we proceeded to consider whether the facts of the case warranted the exercise of the discretionary power of the court.

It appears then that the present Code, in the section cited, does no more than the whole and true office of codification, which is, to present in chosen form of words, just the whole of, and no more than, the law as it exists in statutes or decisions. The power of the court, to which a motion is made for leave to put in a supplemental answer, is no more, nor is it any less now, than it was before the present Code. It has a discretion to permit or to refuse a supplemental pleading; but that discretion must be exercised reasonably, and not capriciously or willfully. If, on review, it appears that the motion-papers show "inexcusable *laches*, or any of the reasons appear giving authority for denying the exercise of the general right in the particular instance," the order will be held a discretionary one, and the appeal will be dismissed. It may as well be added that this court will always be inclined to recognize a large discretion in this matter, and to yield easily to the view of the courts below when it has any support in the facts of the case; for these are questions of practice which, save in exceptional cases, should be finally disposed of in the courts before which they arose, as not being the theoretic subjects of adjudication in a court of last resort.

Looking into the facts of this case, we perceive reason why

the court below well exercised its discretion in refusing the exercise of the general right to a supplemental answer.   It is difficult to resist the impression that the payment to Matthews was not made with that entire impartiality between the two litigants for the fund which should have possessed the party who held it, as it were, as trustee for the rightful claimant.   It was made, at any rate, with full knowledge of the plaintiffs' claim, and of their vigorous pursuit of it in the courts, and of a recognition of their superior right to it by the General Term.   An especial circumstance is that there has always been a way in which the defendant could protect itself and yet have justice done between the rival claimants. An interpleader, by suit or order, has always been within its reach, and a payment of the money into court would have practically relieved it of any interest in the litigation.   This suit has been pending nearly five years.   The matter which is sought to be newly answered had been known for over a year before this motion was made.   It is not an extreme view to say that there has not been diligence on the part of the defendant; but, without further specification, we are of the opinion that there was no abuse or straining of the discretionary power of the court at Special and General Terms.

The appeal should be dismissed, with costs.

All concur, except Andrews, J., absent.

Appeal dismissed.