LOUIS FLEISCHMANN, Appellant, v. JAMES GORDON BENNETT, Respondent.

A supplemental complaint should not be allowed upon an *ex parte* application.

Notwithstanding the mandatory language of the Code of Civil Procedure (§ 544), it is the duty of the court, upon the application, to consider all the circumstances, and to grant or refuse it, as may be just and proper in the particular case ; such application therefore should be upon notice, so that both parties may be heard.

Where, upon the facts presented, the allowance of a supplemental pleading is in the discretion of the Supreme Court, the exercise of this discretion by the Special Term may be reviewed by the General Term, but not by this court.

(Argued January 13, 1880 ; decided January 20, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, reversing an order of Special Term, which denied a motion on the part of defendant to set aside an *ex parte* order allowing a supplemental complaint herein, and granting such motion.

The nature of the action and the facts appear in the opinion.

*Edward T. Wood*, for appellant.    The order was properly had *ex parte*.  (2 Wait's Pr., 570 ; Code of Civil Procedure, §§ 544, 545; *Fisk* v. *Susquehanna R. R. Co.*, 8 Abb. [N. S.], 309; *Palmer* v. *Murray*, 18 How.; 545; *Lawrence* v. *Bolton*, 3 Paige, 294; *Eagan* v. *Price*, 2 id., 333; *Fisk* v. *Susquehanna R. R. Co.*, 8 Abb. [N. S.], 309; *Lawrence* v. *Bolton*, 3 Paige, 294; *Eagan* v. *Price*, 2 id., 333; *Walker* v. *Hallett*, 1 Ala., 379.)    The right to a supplemental complaint, though depending somewhat upon the discretion of the court in a proper case, is absolute, as it was before the Code.    (Code of Procedure, § 69;  Code of Civil Procedure, § 544.)    The judge at Special Term having allowed the supplemental complaint to be served, this court will only see

that this discretion, if fairly exercised, is protected. (*Spears* v. *Mayer*, 62 N. Y., 444; *Holyoke* v. *Adams*, 59 id., 233; *Medbury* v. *Swan*, 46 id., 200.) The court below erred in saying that special damages, as set forth in the supplemental bill, and occurring after the service of the original complaint, could be reached by an amended complaint. (*Hornfager* v. *Hornfager*, 6 How., 13; S. C., 1 Code R. [N. S.], 180; *Drought* v. *Curtiss*, 8 How., 56; *Hendricks* v. *Decker*, 35 Barb., 298; *Williams* v. *Herrman*, 16 Abb., 173; *McMahon* v. *Allen*, 1 Hilt., 103; S. C., 12 How., 39; 3 Abb., 89; *Houghton* v. *Skinner*, 5 How., 420; *Radley* v. *Houghtilling*, 4 id., 251; *Sage* v. *Mosher*, 17 id., 367; *Langdon* v. *McQueen*, 15 id., 345, and later by G. T. N. Y. Supreme Court, 1st Dept.; *Corbin* v. *Knapp*, 5 Hun, 197; *Collins* v. *Lavenberg*, 19 Ala., 682; *Barringer* v. *Burke*, 21 id., 765; *Graves* v. *Miles*, Harr. [Mich.], 332.) The office of the supplemental complaint in this action is in aid of the former pleading simply. (2 Wait's Pr., 471, 469, 472; *Buchanan* v. *Comstock*, 57 Barb., 582; *Milner* v. *Milner*, 2 Edw. Ch., 114; New Code, § 544.) The supplemental pleading varied the relief, to which plaintiff was entitled at the commencement of the suit, and was therefore proper. (*Penman* v. *Sloan*, 41 N. Y., 60; Townshend on Libel, § 348.)

*John Townshend*, for respondent. Section 544 of the Code of Civil Procedure does not change, but merely declares the practice as established under section 177 of the Code of Procedure, and the granting or refusing leave to file a supplemental pleading is still discretionary. (*Spears* v. *The Mayor*, 72 N. Y., 444; *Medbury* v. *Swan*, 46 id., 200.) Notwithstanding section sixty-nine of the Code of Procedure, a distinction is still recognized between actions which demand equitable relief and others. (*Wisner* v. *Ocompaugh*, 71 N. Y., 117.) In legal actions the right of action must depend upon facts which exist at the commencement of the action. (*Wisner* v. *Ocompaugh*, 71 N. Y., 113; *Tiffany* v. *Bowerman*, 2 Hun, 643; *Oathout* v. *Ballard*, 41 Barb., 33; *Smith* v. *Holmes*, 19

N. Y., 271; *Jenkins* v. *Fahey*, 73 id., 359; *Latham* v. *Richards*, 15 Hun, 131.) A supplemental bill is allowable when the same end could not be obtained by an amendment of the complaint. (Story's Eq. Pl., § 333; *Sage* v. *Mosher*, 17 How. Pr., 369.) The facts stated in the supplemental complaint must be material to the matter in controversy (Story's Eq. Pl., § 43), and vary the relief to which the plaintiff was entitled at the commencement of the action. (*Penman* v. *Sloan*, 41 N. Y., 60.) In an action for libel, the words being libelous *per se*, or concerning the plaintiff in his business, the plaintiff, without any allegation of special damage, can recover all his damages proper for him to recover. This includes damages past, present and future. (*Ingram* v. *Lawson*, 6 Bing. [N. C.], 212; *Gregory* v. *Williams*, 1 Fost. & F., 567; *Goslin* v. *Corry*, 7 Man. & G., 343.) Matter cannot be allowed to be brought before the court by supplemental complaint which gives the plaintiff either a new and subsequent cause of action, or which could be given in evidence in aggravation of damages. (*Root* v. *Lowndes*, 6 Hill, 518; *Keenholts* v. *Becker*, 3 Den., 346; *Phil. R. R. Co.* v. *Quigley*, 21 How. [U. S.], 202; *Burwell* v. *Adkins*, 2 Scott [N. S.], 11.) The judge erred in granting *ex parte* leave to file the supplemental complaint. (2 Wait's Pr., 470; *Holyoke* v. *Adams*, 59 N. Y., 233.)

EARL, J. This is an action of libel commenced in June, 1877, and it has been at issue since July of that year. In March, 1879, after the cause had been on the circuit calendar ready for trial several times, the plaintiff obtained, at Special Term of the Supreme Court, an *ex parte* order allowing him to serve a supplemental complaint, alleging the continuance, since the commencement of the action, of special damages caused by the libel. The defendant moved to vacate that order, and the motion was denied. From the order refusing to vacate he appealed to the General Term, and there the order appealed from was reversed and the *ex parte* order allowing the supplemental complaint was

vacated.   The plaintiff has now appealed to this court from the General Term order.

There are two grounds upon which the order of the General Term may be sustained : 1. Notwithstanding the mandatory language used in section 544 of the Code, if this were otherwise a proper case for a supplemental complaint, upon the facts as they appear in this case, its allowance was in the discretion of the Supreme Court.   The discretion exercised at Special Term could be reviewed by the General Term, but will not be by this court : (*Spears* v. *The Mayor, etc.*, 72 N. Y., 442.)   2. A supplemental complaint should not be allowed upon an *ex parte* application.   In allowing it, it is the duty of the court to consider all the circumstances, and grant or refuse it as may be just and proper in the particular case.   Therefore both parties should be heard, and to that end the application should be upon notice : (*Holyoke* v. *Adams*, 59 N. Y., 233.)

The order should therefore be affirmed, with costs.

All concur.

Order affirmed.