WARD H. WAKEFIELD, Respondent, *against* THE AMERICAN SURETY COMPANY OF NEW YORK, Appellant.

(Decided December 7th, 1885).

The Court of Common Pleas will not, upon appeal from the City Court of New York, review the action of that court in refusing leave to a defendant to interpose a supplemental answer, where it appears that the application for such leave called for the exercise of judicial discretion.

At the trial of an action brought upon an undertaking given to procure a stay of proceedings on appeal from a judgment, defendant applied for leave to interpose a supplemental answer setting up that the judgment appealed from had been set aside.  It appeared that the judgment was not actually vacated and nullified, but all that was contemplated was a new entry of the judgment on a re-taxation of costs.  *Held*, that it was within the discretion of the court to deny the application.

APPEAL from a judgment of the General Term of the City Court of New York affirming a judgment of that court entered upon the verdict of a jury directed by the court.

The facts are stated in the opinion.

*John E. McIntyre*, for appellant.

*William W. Badger*, for respondent.

VAN HOESEN, J.—In *Holyoke* v. *Adams* (59 N. Y. 233, 237), Judge FOLGER, in discussing the question of the defendant's right to interpose a supplemental answer, said: "Generally a defendant has a right to set up, by supplemental answer, matter of defense which has occurred, or come to his knowledge, subsequently to the putting in of his first answer. But he must apply to the court, by motion, for leave to do so, so that the opposite party may be heard, and the court may determine whether there have been inexcusable laches, or whether any of the reasons appear that are recognized as giving authority for denying the exercise of the general right in the particular instance. The court must grant leave, unless the motion papers show a case in which the court may exercise a discretion as to granting or withholding leave; and may refuse leave thus to answer when long delay has intervened, or fraud is shown, or injustice will be wrought by allowing the new defense."

At page 238, the learned judge said: "Where the facts of the case call for the exercise of the discretion of the Special Term, this court will not review the order made in the exercise thereof."

The Court of Common Pleas, following the practice of the Court of Appeals, will not review the action of the trial term of the City Court in refusing leave to the defendant to interpose a supplemental answer, if we should find, upon examination, that the application of the defendant placed the judge in a position in which he was called upon to exercise a judicial discretion.

The action was upon an undertaking given to procure a stay of proceedings on an appeal from a judgment. The undertaking stipulated that, if the appeal should be dis-

Wakefield v. American Surety Co.

missed, the obligors would pay the sum that the judgment appealed from directed to be paid. The appeal was dismissed, and therefore the obligors became liable to pay the amount of the judgment. Subsequently, however, the court reduced the judgment in amount by striking therefrom the sum of $1,000, which had been awarded as an extra allowance. The obligee thereafter made no claim to recover upon the undertaking the amount of the extra allowance. Two days before the trial of this action, the Supreme Court declared that the costs included in the judgment had been irregularly taxed, and that the judgment for those costs, because of the irregularity in the taxation, should be set aside, but that judgment might at once be entered for "the costs as originally taxed." There is nothing before us to show what the irregularity was, or whether "the costs as originally taxed" were not the very same costs that were adjudged to have been irregularly taxed. I imagine that the word "originally" was improperly used, and that there was only one bill of costs taxed. The object of the defendants in applying for leave to interpose a supplemental answer setting up that "the judgment was set aside by an order of the Supreme Court, dated the 22d day of April, 1885," was, of course, to bar a recovery upon the undertaking. If they could get rid of the judgment, they would escape from liability upon the undertaking.

Of course, if the judgment were actually vacated and nullified, so that further judicial action would be required in order to fasten liability upon the judgment debtor, it would have been simple justice to allow the defendant (he having acted with due diligence) to plead a supplemental answer setting up the facts. But, the exhibits show that in this case no further judicial action was contemplated, as nothing more than a new entry of the judgment for the very same costs, or a re-taxation of the costs if the prevailing party elected to have it, was all that the court had in view. It would be inequitable to allow the obligors to evade liability upon the undertaking by taking advantage of a technical irregularity in the proceeding for taxing costs, an irregularity that did

not impair their substantial rights. We are not at liberty to assume, for the purpose of obtaining a reason for reversing the judgment, that the prevailing party could not at once have re-entered his judgment for the very same costs that were adjudged to have been taxed irregularly.

In *Wilson* v. *Palmer* (75 N. Y. 250), the Court of Appeals held that where a judgment was entered, and notice of entry given, on the 3rd day of August, the time for appeal should begin to run on that day, notwithstanding the fact that a re-taxation of costs was had, and a change in the amount made, on the 30th day of August. The re-taxation, and a deduction from the amount of the costs as taxed, were not deemed to be equivalent to the setting aside of the old judgment, and the entry of a new one. So in this case, the order on which the obligors rely very carefully refrains from setting aside the entire judgment, and merely aims at the correction of the mode of adjusting the costs.

I think, therefore, that the City Court had a discretion in the matter that warranted the denial of leave to plead a supplemental answer; and this being so, this court has no power to interfere with its action. But, if we had power to interfere, I should be in favor of affirming the judgment, on the ground that the decision is right.

LARREMORE and J. F. DALY, JJ., concurred.

Judgment affirmed, with costs.