HANNAH P. VANDERBECK, APPELLANT, *v.* THE CITY OF ROCHESTER, RESPONDENT.

*Payment of an assessment — when deemed to be voluntary — chapter 311 of 1861 relates to highways and not to streets in cities — duty of the common council to open and work streets after acquiring title to the land — when property owners failing to petition for opening a street, as authorized by the charter, are deemed to consent to the delay — if public interests require it the common council may be compelled to act by* mandamus.

Pursuant to the provisions of its charter the defendant instituted proceedings, in July, 1876, to acquire land to open a boulevard, in which proceedings a report was made by commissioners appointed to award damages and assess benefits, which was duly confirmed; by this report the sum of $1,010.20 was awarded for land taken from one Vanderbeck, and the sum of $1,415.13 was assessed upon other lands owned by him fronting on the proposed boulevard, for benefits, the assessment being payable in installments: One-third May 20, 1877; one-third February 20, 1878, and one-third February 20, 1879. Vanderbeck died on March 12, 1878, intestate, leaving two infant children and a widow, who was thereafter appointed guardian of the children. In May, 1879, the widow was notified through the mail that the assessment was due, and that unless it was paid five per cent would be added, and in July following, she being informed by the defendant's treasurer that if the assessment was not paid interest would accumulate upon it, paid the amount due from her personal funds for the avowed purpose of relieving her dower interest in the lands from the lien of the assessment, although it was not proved that there was not sufficient personal property of the estate to pay it.

A demand for the repayment of the money having been made by the plaintiff and refused by the defendant this action was brought to recover it.

*Held,* that as the widow had only a dower interest in the land assessed and no estate, but merely a right of action until her dower was assigned, and the defendant had done nothing looking to the sale of the lands in which she had a dower interest, the payment was not made under duress of person or property and must be deemed to have been voluntary and the amount thereof could not be recovered in this action.

The land taken for the boulevard was vacant land, the fences and other obstructions have never been removed, and although more than six years had elapsed after the condemnation proceedings were finished, before the commencement of this action, no proceedings had then been taken looking to the opening and working of the boulevard. The plaintiff claimed that, under the provisions of chapter 311 of 1861, the defendant having neglected to open the boulevard for public use for more than six years after the proceedings were instituted to lay it out it ceased to be a public street.

*Held,* that the statute does not apply to streets laid out in the cities of the State.

*Matter of Lexington Avenue* (29 Hun, 305; affirmed 92 N. Y., 629).

That in the exercise of the power conferred upon the common council of the defendant, by its charter, to lay out such streets in the city as, in their opinion, the public interests may require, cases may arise where it is proper to acquire land for a boulevard in advance of the time when the public interests require that it should be opened and worked.

The charter provides that the common council shall not open or work any street or alley, or make or ordain any work or improvement, the expense whereof is to be defrayed in whole or in part by local assessment, except upon the petition of a majority of the owners of property to be assessed therefor, unless three-fourths of all the members elected to said common council vote therefor.

*Held,.* that the owners of the property which would be assessed for the expense of opening and working the boulevard having failed to petition the common council to order the work should be held to have acquiesced in the propriety of the delay in opening the boulevard.

That if the public interests demanded the immediate opening of the boulevard, and the common council, after having been properly petitioned, had failed to act, they might have been set in motion by *mandamus.*

*Bradford* v. *The City of Chicago* (25 Ill., 411) distinguished.

APPEAL by the plaintiff from a judgment of this court entered in Monroe county, in favor of the defendant and against the plaintiff, upon the report of a referee dismissing plaintiff's complaint upon the merits with costs; and also from an order granted at a Special Term of this court permitting the defendant to make and serve a supplemental answer.

The common council of the respondent pursuant to the provisions of its charter on the 18th of July, 1876, after hearing the allegations from all interested parties appearing, adopted and passed an ordinance to open a boulevard in that city 100 feet in width, the opening of which required the taking of land belonging to divers persons within the city and including certain land of Andrew G. Vanderbeck.

Such proceedings were taken that commissioners were appointed. They awarded damages and compensation to the various owners whose lands were taken for the improvement, and among others they awarded to Mr. Vanderbeck for his lands taken for the boulevard the sum of $1,010.20. The commissioners' report was duly confirmed and pursuant to the provisions of the charter of the city an assessment was made upon the lands deemed benefited by the improvement; and there was assessed upon the lands of Mr. Vanderbeck fronting upon the boulevard, for the benefits to be derived from such improvement the sum of $1,415.13.

The amount assessed by the commissioners upon all the lands

benefited by the improvement, was not sufficient to pay and did not pay more than the amount awarded for the lands thus taken and the expenses of the commissioners. Nothing has ever been collected or paid toward the expense of working the boulevard or for preparing it for travel.

This assessment was made payable in installments, one-third on May 20, 1877, one-third February 20, 1878, and one-third February 20, 1879. On the 12th day of March, 1878, Mr. Vanderbeck died intestate, leaving him surviving a widow, the plaintiff, and two infant children. These lands assessed as aforesaid descended to his two heirs-at-law, the plaintiff having a dower interest therein. The plaintiff was, before the commencement of the action, appointed guardian of the children. She was notified in May, 1879, of the assessment and on the 29th of July, 1879, paid it. It then amounted with interest, after deducting $1,010.20, for damages, to $468.72. Plaintiff paid this sum from her personal funds for the avowed purpose of relieving her dower interest in the lands from the lien of the assessment. The defendant duly paid out all the moneys collected and realized from the assessment to the owners of lands taken, for their damages awarded by the commissioners, and the expenses of the proceeding.

Before the commencement of this action the plaintiff demanded of the defendant repayment of the money paid by her with interest. The land taken for the boulevard was vacant land. The fences and other obstructions have never been removed, and although more than six years had elapsed after the condemnation proceedings were finished, before the commencement of this action, no proceedings had then been taken looking to the opening and working of the boulevard. On the 9th of November, 1886, and after the commencement of this action, the defendant's common council, after complying with the requirements of the charter, adopted an ordinance for the staking out, turnpiking and guttering this boulevard. The estimated expenses therefor were $550, which was all assessed upon one tier of lots on each side of the boulevard, including the Vanderbeck land, upon which the assessment paid by plaintiff was made. After the action of the common council of November 9, 1886, an order was made by the Monroe Special Term permitting the defendant to make and serve a supplementary answer setting up

these proceedings on the part of the common council, and the answer was accordingly amended.

Upon the foregoing facts the referee found that plaintiff had failed to establish any cause of action under the complaint against the defendant, and that defendant was entitled to judgment dismissing the complaint, with costs.

*J. A. Barhite* and *J. L. Lucky*, for the appellant.

*Henry J. Sullivan* and *Ivan Powers*, for the respondent.

LEWIS, J. :

The order permitting the service of the supplemental answer was discretionary. (Code of Civil Pro., § 544.) The discretion was properly exercised in this case. (*Spears* v. *The Mayor of New York*, 72 N. Y., 442.)

From the view we have taken of this case, however, the service of the supplemental answer did not prejudice the plaintiff's case. The appellant paid the money she now seeks to recover to release the land in which she had simply a dower interest from the assessment. No process had been issued for its collection. Notice had been given her in May, 1879, through the mail, that the assessment was due, and that unless it was paid five per cent would be added for collection, and in the July following she, being informed by the respondent's treasurer, that if the assessment was not paid interest would accumulate upon it, paid the amount due. Payment was made out of her own funds. She did not pay this money under duress of person or property. The appellant having simply a dower interest in the land assessed, the respondent had no personal claim against her. So there could be no duress of her person or property. Until the assignment of her dower she had no estate in the lands, but merely a right of action. Nothing had been done by the respondent looking to the sale of lands in which she had a dower interest. Her dower interest was not in peril provided her husband left sufficient personal property to pay the assessment ; and she failed to prove upon the trial that there was not sufficient personal property of the estate to pay the assessment.

A widow is entitled to have her dower assigned to her clear of the arrears of taxes and assessments, which are payable out of her

husband's personal estate. (*Harrison* v. *Peck*, 56 Barb., 251.) About two years had passed after the assessment was made. She was aware that nothing had been then done to open and work the boulevard. No process had been or could be issued to collect the money of her personally. Yet she paid the money. The payment must be held to have been voluntary and she cannot maintain an action to recover it. "Where there is no mistake or fraud a voluntary payment cannot be recovered on the mere ground that the one party was under no legal obligation to pay and the other had no right to receive. Where a party would recover back taxes which he is under no legal obligation to pay, the payment must be compulsory." (Dillon on Municipal Corporations, § 946.) "Where a party pays an illegal demand with a full knowledge of all the facts which render such demand illegal, without an immediate and urgent necessity therefor, or unless to release his person or property from detention, or to prevent an immediate seizure of his person or property, such payment must be deemed voluntary and cannot be recovered back." (Dillon on Municipal Corporations, § 947.)

This doctrine would prevent the plaintiff maintaining an action to recover the money immediately after its payment; but it is claimed that the respondent, having neglected to open the boulevard for public use for more than six years after the proceedings were instituted to lay it out, it ceased to be a public street; and plaintiff relies to maintain this position upon chapter 311 of the Laws of 1861. This act declares that "every public highway and private road already laid out and dedicated to the use of the public, that shall not have been opened and worked within six years from the time of its being so laid out, and every such highway hereafter to be laid out, that shall not be opened and worked within the like period shall cease to be a road for any purpose whatever."

This statute does not apply to streets laid out in the cities of the State, and has been so held in the *Matter of Lexington Avenue* (29 Hun, 305, affirmed in 92 N. Y., 629). The public simply obtains the right of way to lands taken for highways in the towns of the State, the fee remaining in the owner. It is very proper, in case of these highways, that the public should proceed within a reasonable time to open and work them and prepare them for the public to use. Having only the right of way, they should be held

to exercise it within a reasonable time or be deemed to have abandoned it; so that the owner of the fee, if the lands are not to be used for a highway, may use the land as before proceedings were instituted to lay out the highway. The statute of 1861 fixes six years as a reasonable time; but in the case under consideration the respondent purchased and paid for and owns the land taken for the boulevard, in fee.

If the respondent should be held to have lost its interest in the premises by laches, the former owners cannot be said to have an equitable claim upon the lands so taken, except that which they have in common with the public.

Under the respondent's charter its council are given power to lay out such streets in the city as, in their opinion, the public interests require. In the exercise of this power, cases may arise where it is proper to acquire land for a boulevard in advance of the time when the public interests require that it should be opened and worked.

This boulevard appears to have been laid out, in part at least, through farming land in the city. A section of the respondent's charter provides for the laying out of streets by the common council. Another section says: "The common council shall not open or work any street or alley, or make or ordain any work or improvement the expense whereof is to be defrayed, in whole or in part, by local assessment, except upon the petition of a majority of the owners of property to be assessed therefor, unless three-fourths of all the members elected to said common council vote therefor after allegations have been heard." Contemplating that a street may be laid out and then at some future time opened and worked.

In this case only such sum as was necessary to lay out and pay for the land of the boulevard was assessed upon the property benefited. The money paid by the appellant was appropriated for that purpose. The owners of the property, which would be assessed for the expense of opening and working this boulevard, neglected to petition the council to proceed with the improvement, as they were authorized to do by the section of the charter above quoted. Had they presented such a petition a majority of the council could have ordered the boulevard opened. Without the petition it required a vote of three-fourths of the members to direct the work to be done. We may assume that the laying out and improvement of the boulevard

would benefit the property in which appellant had an interest. If she could maintain this action and recover back the money paid by her, her property would receive the benefits of the improvement and escape paying for them, at least to the amount of money recovered. The owners of the property, which would be assessed for the expense of opening and working the boulevard, having failed to petition the council to order the work, should be held to have acquiesced in the propriety of the delay in opening the boulevard. If the public interests demanded the immediate opening of the boulevard, and the council, after having been properly petitioned, had failed to act, they might have been set in motion by *mandamus.*

The case of *Bradford* v. *The City of Chicago* (25 Ill., 411), relied upon by appellant, is not in point. In that case the assessment was void. The city, notwithstanding, compelled its payment and neglected for four years to institute new proceedings and make a valid assessment. The court, therefore, decided that the city must be held to have abandoned the proceedings, and was liable in an action to recover the assessment paid. In the case at bar the assessment was valid, the money collected was used in purchasing land for the boulevard and the expenses of the proceedings taken to lay it out. Proceedings having now been instituted to complete the improvement, plaintiff's land will soon receive the benefits arising from the opening of the boulevard.

If the view we have taken of this appeal is correct none of the exceptions of the appellant taken to the admission of evidence can avail her.

The judgment and order appealed from should be affirmed, with costs.

Smith, P. J., Barker and Bradley, JJ., concurred.

Judgment and order affirmed.