## SINCLAIR *et al. v.* HOLLISTER *et al.*

*(Common Pleas of New York City and County, General Term.* December 7, 1891.)

1. JUDGMENTS—AGAINST COPARTNERS—VACATION—BAR.

  In an action against three defendants as copartners, plaintiffs had judgment as to two of them, and the complaint was dismissed as to the third, who, after reversal of so much of the judgment as dismissed the complaint as to him, moved to file a supplemental answer setting up as a bar the judgment against his two partners.

The court denied this motion on condition that plaintiffs would vacate the judgment against the other two, and an order was entered for such vacation, but it "reserved to defendants all rights in regard to, and defenses to, said action." *Held*, that the *vacatur* does not affect the rights of the third defendant, and the judgment is available to him as a defense to the action.

2. SAME—PLEADING—SUPPLEMENTAL ANSWER—DISCRETION.
It is within the discretion of the court, however, to refuse him leave to plead such judgment, where he had agreed to set the cause for trial on the issues raised by his original answer, and had delayed his motion to file the supplemental answer for more than two months after the judgment in his favor was reversed.

Appeal from city court, general term. Affirmed.

Action by James M. Sinclair and Hector Sinclair, Jr., against Robert A. Hollister and William I. Merritt and one Tilton. From orders denying leave to file supplemental answer, defendants appeal.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*John H. V. Arnold,* for appellants.     *Smith & Bowman, (Artemas B. Smith,* of counsel,) for respondents.

PRYOR, J.     Action on promissory notes against defendants as copartners. All three defendants were summoned and appeared; defendants Merritt and Hollister answered; defendant Tilton defaulted. On trial of the issues between plaintiffs and defendants Merritt and Hollister, by direction of the court, a verdict was rendered against Merritt, and the complaint dismissed as to the defendant Hollister. In pursuance of the proceedings at trial, judgment was entered against Merritt, and against Tilton, defaulting, and in favor of Hollister, dismissing the complaint, with costs. From the order dismissing the complaint as against Hollister, and from so much of the judgment as was in his favor, plaintiffs appealed to the general term of the city court, where said order and so much of said judgment were reversed, and a new trial granted of the issues raised by the answer of Hollister. The cause being restored to the calendar and set for trial, Hollister noticed a motion for leave to serve a supplemental answer, pleading the judgment against Merritt and Tilton in discharge of his liability and in bar of the action. The court granted the motion, unless within a certain time the plaintiffs should "enter an order on their own motion vacating said judgment, in which case the motion for leave to serve a supplemental answer by Hollister shall be deemed to be denied," and an order was entered accordingly. On appeal from this order by Hollister, it was affirmed at general term of the city court, and the validity of the affirmance is before us for review. Pursuant to the condition in the order upon Hollister's motion for leave to serve a supplemental answer, an order was made vacating the judgment against Merritt and Tilton, and the affirmance of that order is before us for revision. As the validity of the order rejecting the supplemental answer depends essentially upon the effect of the order vacating the judgment, we will consider the last first.

That a judgment operates a merger of the cause of action on which it proceeds—*transit in rem judicatam*—is a proposition so elementary that it would be the merest pedantry to cite authority in its support. Hence the other proposition, which, if not a first principle, is still clearly and conclusively established, that a judgment against some only of several joint contractors discharges the rest, and is pleadable by them in bar of an action on the original promise. *Olmstead* v. *Webster,* 8 N. Y. 413; *Candee* v. *Smith,* 93 N. Y. 349; *Heckemann* v. *Young,* (Sup.) 8 N. Y. Supp. 111; *Suydam* v. *Barber,* 18 N. Y. 468; *Robertson* v. *Smith,* 18 Johns. 459; *King* v. *Hoare,* 13 Mees. & W. 494. It follows that, as the action proceeds on the joint obligation of defendants as copartners, the judgment against Merritt and Tilton discharged the liability of Hollister; and, if nothing more appeared, his proffered supplemental answer would have presented a valid and indefeasible defense. It will be recalled that Hollister's motion for leave to serve the supplemental answer

was allowed conditionally,— that is, if plaintiffs failed to vacate their judgment against Merritt and Tilton, in which event the motion was denied. The condition was complied with and the judgment vacated.

What, then, after its *vacatur*, was the effect of the judgment on Hollister's liability? Was the judgment against his co-contractors still available to him as a defense to the action? It is a principle of the common law that a right of action once extinguished, as by merger, though for never so short a time, is gone forever, and cannot again revive. Broom, Com. Law, (3d Eng. Ed.) 112. But a valid judgment is necessary to the existence or continuance of a merger; and any mistake, defect, or irregularity which renders the judgment ineffective prevents a merger of the cause of action upon which it was recovered. *Briscoe* v. *Stephens*, 9 Moore, 413; *Adney* v. *Vernon*, 3 Lev. 243; *Mico* v. *Morris*, Id. 234; *Wixom* v. *Stephens*, 17 Mich. 518. So, when a judgment, valid and sufficient at the time it is rendered, is set aside or reversed, the merger ceases. *Goodrich* v. *Bodurtha*, 6 Gray, 323. Hence, "if a plaintiff recover judgment against one of several joint contractors, and it is reversed, he may proceed against all of them in a new action." *Maghee* v. *Collins*, 27 Ind. 83. There being no pretense that the judgment against Merritt and Tilton was ineffectual for infirmity either in form or substance, it constituted a perfect defense in favor of Hollister, unless its effect as such defense was destroyed in its subsequent *vacatur*.

At this stage of the argument the question might be presented whether the order vacating the judgment is valid. Hollister appeals from the order, but, if he is not aggrieved by it, he has no right to prosecute the appeal, and its affirmance can in no way affect his rights. We assume, therefore, without pausing here to discuss it, that the order is right and unimpeachable; and we proceed to determine its bearing upon the motion for leave to serve the supplemental answer. The order vacating the judgment was procured and entered by the plaintiffs. It is entitled, "James M. Sinclair and Hector Sinclair, Jr., Plaintiffs, against William J. Merritt, Robert A. Hollister, and George H. Tilton, Defendants." Its operative words are: "Ordered that the judgment heretofore entered in this action in favor of the plaintiffs, and against the defendants William J. Merritt and George H. Tilton, and filed," etc., "be, and the same hereby is, vacated and set aside, but without prejudice to all proceedings theretofore had in this action, or to the right of the plaintiffs to re-enter the said judgment after the trial and determination of the issues raised by the answer of said defendant Hollister herein, and reserving unto the defendants all rights in regard to and defenses to said action." The order was entered 31st March, 1891. The order disposing of Hollister's motion for leave to serve a supplemental answer was dated 10th March, 1891. Thus, in vacating the judgment, the court had before it Hollister's proposed answer, pleading the judgment in bar of the action as against him. And yet the court, in vacating the judgment, apparently *ex industria*, imposed the condition that the *vacatur* should not impair any of his rights or defenses in the action.

What, then, is the effect of this express reservation in the order of all Hollister's rights and defenses? Does it qualify the operation of the judgment so vacated, as a merger of the cause of action and a defense in favor of Hollister? In *Olmstead* v. *Webster*, 8 N. Y. 413, the defendant pleaded in bar the recovery of judgment against his partner and co-contractor. The answer was that the judgment had been vacated. To avoid the effect of the *vacatur*, it was shown that two years and eight months subsequent to the rendition of the judgment against Rumsey (the co-contractor) the latter and the plaintiffs, by stipulation, vacated the judgment, and that subsequently, on the application of Webster, (the defendant,) the *vacatur* was so modified as to reserve all his rights. Upon this state of fact the court ruled that the *vacatur* did not affect the rights of defendant, Webster, and that, as against

him, the judgment was a bar to the action. We do not overlook the fact that whereas in *Olmstead* v. *Webster* the judgment was the voluntary act of the plaintiff, here the judgment was imposed upon the plaintiffs by the direction of the court; but the circumstance is ineffectual to arrest the necessary legal operation of the judgment as a merger of the cause of action. So, likewise, though it were the object of the court, in vacating the judgment, to prevent its being pleaded as a defense by Hollister, such purpose cannot be permitted to prevail over the plain terms and proper effect of the order. Broom, Com. Law, 280. It is the fault of the plaintiffs if, in entering the order, they have so phrased it as to nullify its intended operation. Our function is to construe the order as it is presented in the record, and to give it its legitimate legal effect.

The judgment, then, against Merritt and Tilton is still available to Hollister as a defense to the action; and the final question is, did the court below commit legal error in refusing him leave to plead it? The appellate power of this court is purely statutory, and exists only as it is conferred by legislation. *Wilmore* v. *Flack*, 96 N. Y. 512. By express permission of the Code, we have authority to review an order from the city court "where it affects a substantial right." Section 3191. But, then, our jurisdiction over the determinations of that court is analogous to the jurisdiction of the court of appeals over our own determinations. What, then, is the appellate power of the court of appeals over the orders of this court affecting a substantial right? The answer is that an order of the court below which is the result of the exercise of discretion, although it affects a substantial right, will not be reviewed by the court of appeals. *Fleischmann* v. *Bennett*, 79 N. Y. 579; *Livermore* v. *Bainbridge*, 56 N. Y. 72; *Martin* v. *Windsor Hotel Co.*, 70 N. Y. 101; *Spears* v. *Mayor, etc.*, 72 N. Y. 442. In *Holyoke* v. *Adams*, 59 N. Y. 233, the appeal was from an order of the general term of the supreme court, affirming an order of special term denying a motion to make a supplemental answer setting up a discharge in bankruptcy, and held "that the court must grant leave, unless the facts disclosed show a case calling for the exercise of discretion;" that "leave may be denied, although the defense sought to be interposed be strictly legal, where, in the judgment of the court, laches or fraud is shown, or it appears that injustice will be wrought by allowing such defense;" and that, "where the facts disclosed are sufficient to call into exercise the discretionary power of the court, its determination cannot be reviewed here." In the case before us the facts disclosed were sufficient to invoke an exercise of the discretion of the court upon the question whether the appellant Hollister had waived his right to serve the proposed supplemental answer by agreeing to set the cause for trial on the issues raised by his original answer; upon the question whether, by delaying his motion more than two months after reversal of the judgment in his favor, he was not guilty of such laches as disentitled him to the relief; upon the question whether "injustice would not be wrought by allowing such defense." Indeed, in disposing of the motion, the learned justice below said: "This is in furtherance of justice, works no hardship on either party, and removes the technical objection the defendant Hollister raises." But the point in discussion has been explicitly adjudicated by this court. In *Wakefield* v. *Surety Co.*, 13 Daly, 349, we said: "The court of common pleas will not, upon appeal from the city court, review the action of that court in refusing leave to defendant to interpose a supplementary answer, where it appears that the application for such leave called for the exercise of judicial discretion." And so of the order vacating the judgment. The entry of judgment against two only of the three joint contractors was a mere irregularity, the correction of which by the court below is not the subject of review by us. *Oil Co.* v. *Hubbell*, 76 N. Y. 543; *Arthur* v. *Griswold*, 60 N. Y. 143; *Whitney* v. *Townsend*, 67 N. Y. 40; *Foote* v. *Lathrop*, 41 N. Y. 358; *Bank* v. *Spencer*, 19 Hun, 569. As we have juris-

diction of the appeals, we may not dismiss them; but, as the orders involve the exercise of discretion, we cannot reverse the decision below. Orders affirmed, with costs.