SCHMOHL *v.* FUSCO *et al.*

*(Common Pleas of New York City and County, General Term.* January 4, 1892.)

1. APPEAL—DISMISSAL—SUPPLEMENTAL ANSWER.

A motion by one joint defendant for leave to serve a supplemental answer, pleading, as a bar, a judgment in the action against his co-defendant, was denied. Before notice of an appeal from the order denying the motion, the judgment was vacated. *Held,* that as, after the *vacatur,* the proposed supplemental answer would have offered no defense, the appeal was properly dismissed. *Sinclair* v. *Hollister,* (Com. Pl. N. Y.) 16 N. Y. Supp. 529, followed.

2. SAME—DISCRETION OF COURT BELOW.

The denial of leave to serve a supplemental answer, in the exercise of judicial discretion, on the ground that the application is not in furtherance of justice, will not be reviewed on appeal. *Sinclair* v. *Hollister,* (Com. Pl. N. Y.) 16 N. Y. Supp. 529, followed.

13 N. Y. Supp. 583, affirmed.

Appeal from city court, general term.

Action by William H. Schmohl against Angelo Adam and Giuseppe Fusco brought in the city court on an alleged partnership liability of defendants. Defendant Fusco appeared and answered. Defendant Adam demurred to the complaint for insufficiency in substance, and, the demurrer being overruled, judgment was entered against him. Thereupon defendant Fusco applied for leave to serve a supplemental answer, pleading this judgment against his co-contractor in bar of the action against him. The motion was denied, and an appeal by defendant Fusco to the general term of the city court was dismissed. 13 N. Y. Supp. 583. Before notice of that appeal the judgment against Adam had been vacated. From the order of the general term dismissing his appeal, defendant Fusco appeals. Affirmed.

Argued before DALY, C. J., and ALLEN and PRYOR, JJ.

*Louis O. Van Doren, (Louis C. Waehner,* of counsel,) for appellant. *Bartlett, Wilson & Hayden, (Edward T. Bartlett,* of counsel,) for respondent.

PRYOR, J. For two separate and sufficient reasons the order on appeal must be affirmed.

1. On the *vacatur* of the judgment against Adam, the case stood as if such judgment had never been rendered, and the liability of Fusco continued, with all original remedies for its enforcement. *Sinclair* v. *Hollister,* (Com. Pl. N. Y.) 16 N. Y. Supp. 529. Hence the proposed supplemental answer would have offered no defense to the action in favor of Fusco, and its disallowance, therefore, is an inevitable and unimpeachable conclusion.

2. Leave to serve the supplemental answer may have been denied in the exercise of judicial discretion, *(Fleischmann* v. *Bennett,* 79 N. Y. 579; *Wakefield* v. *American Surety Co.,* 13 Daly, 349;) and, "upon appeal from an order which may have been matter of discretion, the appellant must show that it was made upon a ground that did not authorize the court to exercise any discretion," *(Cushman* v. *Brundrett,* 50 N. Y. 296; *McKenna* v. *Bolger,* 94 N. Y. 641; *Mills* v. *Hildreth,* 81 N. Y. 91.) Indeed, it appears by the opinion below that the application was refused expressly because it "was not in furtherance of justice, but was an effort to defeat it." The adjudication in *Sinclair* v. *Hollister, supra,* (decided by us at the November term,) is conclusive against the appeal. Order affirmed, with costs. All concur.