(8 Misc. Rep. 493.)

### GENOVESE v. MATELLI et al. (No. 1.)

(City Court of New York, General Term.    May 18, 1894.)

PLEADING—SUPPLEMENTAL ANSWER.
  After defendant had filed an answer, admitting part of the indebtedness sued for, an execution against plaintiff was presented to him, and he informed the officer of the amount of his indebtedness to plaintiff. Thereupon the officer seized a sum of money in plaintiff's possession. *Held,* under Code Civ. Proc. § 544, authorizing a supplemental pleading as to material facts which occurred after the former pleading, that defendant should be permitted to serve a supplemental answer setting up such facts.

Appeal from special term.

Argued before EHRLICH, C. J., and VAN WYCK and McCAR-THY, JJ.

F. H. Wilson, for appellant.
Gilbert Elliott, for respondents.

McCARTHY, J.    This is an appeal from an order made denying the motion of the defendant Virgilio Del Genovese for leave to serve a supplemental answer.    The defendant Del Genovese procured an order directing the plaintiff to show cause why the said defendant Del Genovese should not be allowed to serve a supplemental answer. This order to show cause was granted upon the draft of the proposed supplemental answer, and upon the affidavit of the defendant Del Genovese, and a transcript of a judgment in the second judicial district court of the city of New York.    The action was brought to recover the sum of $245 upon a promissory note made by the defendant Matelli, and indorsed by defendant Del Genovese.    The answer of the defendant Del Genovese was served upon the plaintiff's attorney.    By his answer, the defendant Del Genovese admitted that he owed the plaintiff $128.66.    On November 29, 1893, a city marshal presented to the defendant Del Genovese, at his place of business, an execution against the plaintiff in this action, Desiderio Genovese, and Rizieri Matelli, and asked if the defendant Del Genovese had any money or property belonging to either Desiderio Genovese or Rizieri Matelli, either individually, or as partners of the firm of Genovese & Co.    He replied that he had $128.66 belonging to said parties.    This was the amount which the defendant Del Genovese had admitted in his answer in this suit that he owed the plaintiff.    The marshal seized the sum of $115.66 in cash, and took the same away with him.    The judgment upon which said execution was issued was recovered in the second judicial district court of New York on the 17th day of November, 1893, by Luigo Peirano against Desiderio Genovese, the plaintiff in this action, and Rizieri Matelli.    The amount of the judgment was $109.20.    This levy by virtue of the said judgment and execution happening after the service of the answer of the defendant Del Genovese, and he not having knowledge of it until after service of his answer, he now asks to serve a supplemental answer setting up these facts, and thus diminishing the amount for which the plaintiff might be entitled to recover by setting off the sum of $115.66 taken on the execution against the amount sought to be recovered by the plaintiff.    The supplemental answer is not a substitute for the original answer, but an addition to it.    Section 544, Code Civ. Proc., reads:

"Upon the application of either party the court may and in a proper case, must, upon such terms as are just, permit him to make a supplemental complaint, answer, or reply, alleging material facts which occurred after his former pleading, or of which he was ignorant when it was made. * * *"

Folger, J., in Holyoke v. Adams, 59 N. Y., at page 237, says:

"So that it comes to this: That generally a defendant has a right to set up, by supplemental answer, matter of defense which has occurred or come to his knowledge subsequently to the putting in of his first answer, but that he must apply to the court, by motion, for leave so to do, so that the opposite party may be heard, and the court may determine whether there has been unexcusable laches, or whether any of the reasons appear which are recognized as giving authority for denying the exercise of the general right in the particular instance. And the court must grant leave, unless the motion papers show a case in which the court may exercise a discretion as to granting or withholding leave."

The question, then, is, was the order appealed from a discretionary order, or did the facts of the case warrant the exercise of the discretionary power of the court? For, if it did, this order should be affirmed. We do not think that the facts of this case showed the defendant guilty of laches in making his motion after the occurrence of the facts desired to be pleaded in his supplemental answer, nor do we think the payment of the money to the marshal under a proper process of law bad faith. A demand being made by the officer, and the defendant having the money in his possession, which, by his original answer, he admitted belonged to the plaintiff, he was justified in paying it over, and had a right to set up such fact by supplemental answer in order to reduce the amount of the plaintiff's recovery. Spears v. Mayor, etc., 72 N. Y. 444. For these reasons this order appealed from should be reversed, with costs, and the defendant allowed to serve a supplemental answer on payment to plaintiff of $10. All concur.

---

GENOVESE v. MATELLI et al. (No. 2.)

(City Court of New York, General Term. May 18, 1894.)

Argued before EHRLICH, C. J., and VAN WYCK and McCARTHY, JJ.

F. H. Wilson, for appellant.
Gilbert Elliott, for respondents.

