BAYER v. DOSCHER.

(Supreme Court, Appellate Division, Third Department.   June 29, 1910.)

1. PAYMENT (§ 5*)—PERSON TO WHOM MADE—VOLUNTARY PAYMENT.
   Payment by defendant to a sheriff on an execution against plaintiff of the amount admittedly due to plaintiff on causes of action alleged in the complaint was voluntary.
   [Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 7, 8; Dec. Dig. § 5.*]

2. EXECUTION (§ 47*)—SUBJECTS THEREOF—CHOSES IN ACTION.
   A chose in action is not subject to the lien of an execution and is incapable of levy or seizure by the sheriff.
   [Ed. Note.—For other cases, see Execution, Cent. Dig. § 117; Dec. Dig. § 47.*]

3. PAYMENT (§ 5*)—WHAT CONSTITUTES—PAYMENT OF DEBT OWED BY CREDITOR.
   A debtor could not extinguish his debt by voluntarily paying some other debt which his creditor owed.
   [Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 7, 8; Dec. Dig. § 5.*]

Appeal from Special Term, Rensselaer County.

Action by Thomas P. Bayer against John H. Doscher. A demurrer to a defense in the answer was sustained and judgment rendered for the plaintiff, and defendant appeals. Affirmed.

The complaint for a first cause of action alleges that the plaintiff rendered services and furnished material to the defendant which were reasonably worth, and for which he promised to pay, $85.75. For a second cause of action it is alleged that an account was stated between the parties for $55.75 besides interest, which sum defendant promised and agreed to pay. Judgment is demanded for this latter sum of $55.75.

The defendant in his answer admits that there is due the plaintiff $55. He then alleges as a defense: "That on or about the 26th day of November, 1909, a transcript of the judgment was filed with the clerk of the county of New York, in an action, Winthrop P. Soule, plaintiff, against Thomas P. Bayer, defendant, for the sum of $85.85, in favor of the said Winthrop P. Soule and against the said Thomas P. Bayer, which judgment was recovered in the City Court of Troy, and the judgment roll filed in the office of the clerk thereof, and that said judgment debtor, Thomas P. Bayer, against whom said transcript was filed and said judgment recovered, is the plaintiff in this

action. That thereafter an execution was duly issued to the sheriff of the county of New York, out of the Supreme Court of the state of New York, county of New York, upon said judgment, and the sheriff of the county of New York, on the 2d day of December, 1909, duly levied under said execution upon the sum of $55 cash, in the possession of the defendant herein, the property of the aforesaid Thomas P. Bayer, plaintiff. That thereupon any and all sums due from this defendant to the plaintiff were discharged and satisfied." The facts thus alleged in the answer occurred after the commencement of this action.

Plaintiff demurred to the foregoing defense on the ground that it was insufficient in law on the face thereof. The court sustained the demurrer and rendered a judgment in favor of the plaintiff for the sum of $55, the amount admitted to be due by the defendant in his answer.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

James A. Foley, for appellant.
Warren McConihe, for respondent.

COCHRANE, J. The answer is insufficient as a defense to the causes of action alleged in the complaint because there is no connection shown between the money alleged to have been levied upon as the property of the plaintiff and such causes of action. That money may have represented any other transaction between the parties. Money belonging to a judgment debtor may be levied upon under an execution. Code Civ. Proc. § 1410. But if the defendant had in his possession money belonging to the plaintiff which was thus levied upon, that could not affect the cause of action against defendant for services rendered and material furnished or on an account stated. He still remained indebted on those causes of action.

Assuming, however, that the defendant intended to allege that he paid to the sheriff on the execution against plaintiff the amount which defendant admits having owed the plaintiff on the causes of action alleged in the complaint, such payment was voluntary. It is well settled that a chose in action is not subject to the lien of an execution and is incapable of levy or seizure by the sheriff. McNeeley v. Welz, 166 N. Y. 124, 128, 59 N. E. 697; Clark v. Warren, 7 Lans. 180; Clarke v. Goodridge, 41 N. Y. 210; Duffy v. Dawson, 2 Misc. Rep. 403, 21 N. Y. Supp. 978. Defendant simply owed a debt to the plaintiff and could not extinguish that debt by voluntarily paying some other debt which plaintiff owed. The sheriff could not levy on the debt of defendant to plaintiff, and defendant had no more right to voluntarily pay the sheriff than he had to pay the judgment creditor directly.

The defendant cites the case of Genovese v. Matelli, 8 Misc. Rep. 493, 28 N. Y. Supp. 754, which supports his contention. That case stands by itself in holding that a debtor may discharge his indebtedness by paying an execution against his creditor and is opposed to the principle of the cases above mentioned and many others which might be mentioned.

The court was therefore right in sustaining the demurrer, and the judgment should be affirmed, with costs. All concur.