GEORGE P. CLARK, Appellant, *v.* IRA D. WARREN,
Respondent.

(GENERAL TERM, SECOND DEPARTMENT, 1872.)

Proceedings under attachment (Code, § 227) are ineffectual to reach a
debt, due on account to the defendant in the action, where the sheriff
fails to give notice, of the levy, to the debtor.

A chose in action is incapable of seizure by the sheriff.

It seems a chose in action is excepted from sale by subdivision 2, § 237,
Code.

THIS was an appeal from a judgment upon a verdict
rendered for the defendant under direction of the court, and
from an order denying a new trial.

The plaintiff sued as the purchaser at sheriff's sale of an
account for moneys expended and advanced by the firm of
Robinson & Ogden for the defendant.

It appeared that the plaintiff had brought an action
against Robinson & Ogden to recover for certain securities
which they had appropriated to their own use, as custodians
for him, and obtained an attachment against their property,
under which the sheriff seized their stock, books and papers.
Judgment was recovered in the action and execution issued
to the sheriff; and after six months from the docketing of the
judgment, upon petition, in the action, of the plaintiff and
affidavit of the sheriff setting forth all his proceedings since ser-
vice of the attachment, &c.; also that he had used due diligence
and endeavored to collect the evidences of debt attached, &c.,
&c. (Code, § 237, sub. 4), and upon notice to the defendant's
attorney, the court ordered a sale by the sheriff of the notes,
accounts, books of account, and evidences of debt, seized under
the attachment, at public auction in the usual manner of sales
of personal property by the sheriff under execution. Pursu-
ant to this order the sheriff, among other things, sold the debt
due by the defendant to Robinson & Ogden; it was purchased
by the plaintiff. It appeared that no notice was given of the
attachment by the sheriff to the defendant.

Vanneman *v.* Powers.

*Nelson Cross,* for the appellant.

*Ira D. Warren* (in person), for the respondent.

Present—BARNARD, P. J., GILBERT and TAPPEN, JJ.

By the Court—GILBERT, J. The judgment below must be affirmed. The proceedings under the attachment were ineffectual to reach the debt due from Mr. Warren to the defendant in the attachment, for the reason that the sheriff did not serve upon him any notice showing that he had levied on such debt. That debt was a mere chose in action, and incapable of seizure by the sheriff. (Code, §§ 235, 236 ; *Orser* v. *Grossman,* 11 How., 520 ; *Clark* v. *Goodrige,* 41 N. Y., 210 ; *Ransom* v. *Minor,* 3 Sand. S. C. R., 692.)

We think, also, the sale by the sheriff of the debt was illegal. Code, § 237, sub. 2, expressly excepts choses in action from property that may be sold, and subdivision 5 provides in what manner they shall be made applicable to the payment of the judgment recovered by the creditor in the attachment, namely, by requiring the sheriff to collect the same and apply the proceeds to the payment of the judgment.

Judgment affirmed.