·IN THE MATTER OF THE CLAIM OF WILLIAM H. FLANDROW, APPELLANT, AN ALLEGED CREDITOR OF TUNIS VAN BRUNT, DECEASED.

*Attachment of a judgment — service of warrant — when it must be made on the debtor himself — Code, § 235.*

March 1, 1867, the Marine Bank of Chicago recovered a judgment, in the Supreme Court of this State, against T. Van Brunt, of the city of New York, who died December 29, 1867. Thereafter an action was commenced in this State by one Hammond against the said Marine Bank, in which an attachment was issued on June 20, 1869, under which the said judgment was attempted to be levied on, by serving a certified copy of the warrant upon one of the attorneys who represented the said Van Brunt in the action brought against him by the said bank. No copy of the attachment was served upon any of the legal representatives of Van Brunt's estate.

*Held,* that the attorney was not "an individual holding" the said judgment, within the meaning of section 235 of the Old Code; that it could only be attached by service upon the debtor, as therein provided, and that as no such service was made the said judgment was never legally attached.

APPEAL from an order made by the surrogate of the county of New York, denying William H. Flandrow's petition for the payment of his alleged claim against the estate of Tunis Van Brunt, deceased.

The claim of the petitioner is based upon a judgment recovered by the Marine Bank of Chicago against the said deceased for $6,858.12, on the 1st day of March, 1867, and of which judgment petitioner claims to be the owner.

The facts upon which the plaintiff claims title to such judgment are as follows :

On the 20th day of January, 1869, Henry B. Hammond com-

menced an action in this court against said Marine Bank, which was a foreign corporation, created by and under the laws of the State of Illinois. The summons and complaint in said action were served by publication. The defendant did not appear and judgment by default was entered November 2, 1870, for $1,282.62. Execution thereon was issued and returned unsatisfied, and upon Hammond's petition and other affidavits an order was made May 24, 1871, directing the sheriff to sell at auction, under said execution, the judgment against Van Brunt, which it was claimed had been levied upon by him under an attachment issued in said action on January 26, 1869, and the said sheriff, under said order, sold the said judgment to said Hammond for $1,372.36, and he subsequently assigned the same to George M. Vanderlip, who assigned the same to the petitioner.

The petitioner's title to said judgment depends upon the question whether the attachment issued in the action of Hammond against the bank was so levied upon the bank's interest in the judgment against said Van Brunt, as to subject said last mentioned judgment to the jurisdiction of the court.

It was levied upon by serving a copy of the warrant of attachment upon one of the attorneys who had appeared for Van Brunt in the action brought by the Marine Bank. The service being made upon him "as the individual holding said judgment as the plaintiff's attorney." At the time of such service the said attorney gave a paper certifying that he then had the said judgment under his control, as a member of the firm, who had appeared for the plaintiff. For other litigations as to this same controversy see 11 Hun, 379, and 49 N. Y., 160.

*Theodore E. Tomlinson*, for the appellant.

*John E. Burrill*, for the administrator, respondent.

BARRETT, J.:

The single question presented by this appeal is whether the judgment recovered by the Chicago Bank against Van Brunt was legally attached in the suit of Hoffman against that bank. We are of opinion that it was not, for the reason that a certified copy of

the attachment was never left with the debtor, nor even with an "individual holding" the property as required by section 235 of the Old Code. It was not left with the debtor, for Van Brunt was dead when the attachment was issued, and it was not served upon any representative of his estate.

As to the other branch of the section, it might be sufficient to say that the judgment was owned by the foreign bank, and was not "held" by any individual within this State. Service was made, it seems, upon the attorney who acted for the bank in the legal proceedings which resulted in the judgment, but that service was clearly inoperative. The attorney did not "hold" the judgment within the meaning of section 235 of the Old Code. The judgment was not the kind of property contemplated by the phrases "other property incapable of manual delivery," and "the individual holding such property," which are to be found in the section in question. The notes upon which it was recovered undoubtedly came within this expression, and if the attachment had been served upon the attorney while he held these notes, and was prosecuting them to judgment, it might probably have been sufficient. (*Russell* v. *Ruckman*, 3 E. D. Smith, 419; *Clarke* v. *Goodridge*, 41 N. Y., 210.) But when the notes were merged in the judgment, the status was changed. The judgment, though undoubtedly a chose in action, was simply a debt due by Van Brunt to the bank. and as such could only be attached by service on the debtor. (*Clark* v. *Warren*, 7 Lans., 180.)

The language is "debts" and "other property incapable of manual delivery." The service is to be upon the debtor or individual holding such property ; that is, holding, "not debts." but "other property incapable of manual delivery." This is the true construction of the section. It distinguishes between "debts" which are not evidenced by a note or other written obligation, and "property incapable of manual delivery," such as bonds, goods under pledge, and even *debts so evidenced.* In the one case the attachment must be served upon the debtor ; in the other upon the individual actually having the bonds, goods or tangible *evidence* of the debt in his possession. Here there was no such individual, nor could there very well be, as the evidence of the debt was a record. A stronger case would be that of an attorney

who had possession of his client's books containing entries evidencing an open account due by a customer. Yet it could scarcely be claimed that such attorney *held the debt*, within the meaning of this section.

The decree of the surrogate was right and must be affirmed, with costs.

BRADY, J., concurred.

Present — DAVIS, P. J., BARRETT and BRADY, JJ.

Decree affirmed.