THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD GING, Respondent, v. HENRY H. LYMAN, State Commissioner of Excise, Appellant.

*Excise Law — rebate of license — population, how determined — mandamus — what is presented on an appeal.*

An appeal from an order directing the issue of a peremptory writ of mandamus, entered after a trial of the issues raised by the return to an alternative writ of mandamus theretofore issued, brings up for review only such questions as were raised by exceptions taken at the trial.

*Semble*, that the provision of the Liquor Tax Law (Laws of 1896, chap. 112) providing that if the population of a village was not determined by the last State or National census the license tax shall be fixed at $100, precludes the court from accepting any other method of determining the population of the village; and that where a person pays $200 for a certificate authorizing him to traffic in liquors in a village, the population of which was not fixed by the last State or National census, and the county treasurer, acting under the direction of the Excise Department, issues a rebate receipt to him for the excessive payment of $100, the State Excise Commissioner cannot subsequently question his right to payment of the rebate receipt.

APPEAL by the defendant, Henry H. Lyman, State Commissioner of Excise, from an order of the Supreme Court, made at the Suffolk Special Term and entered in the office of the clerk of the county of Suffolk on the 3d day of July, 1899, directing that a peremptory writ of mandamus issue requiring the defendant to prepare two orders for the payment of the rebate of the relator, Edward Ging, and transmit the order on the county treasurer for the two-thirds and the check of the State Treasurer for the one-third of the rebate to the county treasurer of Suffolk county to be delivered to the relator upon the surrender of the said duplicate surrender receipt.

*Mead & Stranahan*, for the appellant.

*Timothy M. Griffing*, for the respondent.

WOODWARD, J.:

In May, 1896, the respondent paid to the county treasurer of Suffolk county $200 for a liquor tax certificate, numbered 26,251. This certificate was to be used in Greenport, in the said county, and

as that village has, in fact, a population exceeding 1,200, the treasurer assumed that the amount collected was proper under the law. It was subsequently discovered, however, that the Liquor Tax Law (Chap. 112 of the Laws of 1896) provided that the population of villages must be determined by the last State or National census, and if the population was not thus determined, the tax should be fixed at $100. (§ 11.) The respondent, taking advantage of the fact that neither the State nor the National census fixed the population of the village of Greenport, demanded of the county treasurer a return of $100, that sum being in excess of the amount which could be collected under the law as thus construed. On the 5th day of February, 1897, the county treasurer notified the respondent in this proceeding that, acting under the direction of the Excise Department, the original certificate would be received by him, and a new certificate, covering the same period, would be issued, and that the respondent would be given a receipt for the difference between the $100 which should have been paid and the $200 which had in fact been paid. The respondent surrendered his original certificate, took the rebate receipt and a new certificate, and subsequently brought an action to compel the county treasurer to pay the amount of the rebate receipt.

Upon the trial of the action judgment was entered for the plaintiff, and this court, in reversing the judgment, held that the plaintiff had no cause of action against the county treasurer, his right to recover under the rebate receipt being agreed upon in that instrument, which provided that the rebate sum should be " payable from any excise money hereafter received from said city or town, or in any other manner hereafter legalized," and the Legislature having in the meantime, by chapter 312 of the Laws of 1897, amended the Liquor Tax Law (§ 25) and provided for the payment of these rebate receipts. Having failed to recover from the county treasurer, the respondent instituted a proceeding for an alternative writ of mandamus to compel the appellant to issue two orders upon the proper officers for the payment of the rebate certificate held by him, resulting in an order directing a peremptory writ of mandamus to issue. From this order the defendant appeals to this court, urging that it is possible to gather from the last State census that the village of

Greenport has more than 1,200 inhabitants; that an enumeration of the inhabitants of Greenport, taken in 1897, under the provisions of the Liquor Tax Law, shows an actual population of 2,239, and that the court should have taken judicial notice of the fact that the population of Greenport was in excess of 1,200 at the time the certificate was issued in 1896; that the payment by the respondent was a voluntary payment, and cannot be properly demanded, etc.

We are unable to discover from the record that any of these questions are properly before this court. The appellant has taken no exceptions to the decision of the court, which states separately the facts found and the conclusions of law. As the proceedings after an issue is joined are the same in a mandamus proceeding as in an action. (Code Civ. Proc. § 2082), and as they are governed on appeal by the same rules of law as in case of a judgment (Code Civ. Proc. § 2087), there are upon the appeal from the order no questions before us except such as were raised by exceptions taken at the trial; and none of these are urged upon the attention of the court. We are of opinion, however, that the statute having determined the method of fixing the population of cities, towns and villages, for the purpose of levying the liquor tax, it is not for the courts to accept some other method of determining that question; and the Excise Department having authorized the respondent to surrender his $200 certificate, taking out a new one for $100 and giving him a rebate receipt, it is now too late to litigate that question. It is conceded that the respondent had a right to sell liquors under his $100 certificate. Why, then, the State having agreed to refund the excess payment, should he be denied the right to recover?

The order appealed from should be affirmed.

All concurred.

Order affirmed, with ten dollars costs and disbursements.