Rɪᴄʜᴀʀᴅ A. Mᴄ Nᴇᴇʟᴇʏ, Respondent, *v.* Jᴏʜɴ Wᴇʟᴢ et al., Appellants, Impleaded with Others.

1. Cʜᴀᴛᴛᴇʟ Mᴏʀᴛɢᴀɢᴇ ᴜᴘᴏɴ Lɪǫᴜᴏʀ Tᴀx Cᴇʀᴛɪꜰɪᴄᴀᴛᴇ Iɴᴠᴀʟɪᴅ — Wʜᴇɴ Gᴏᴏᴅ ɪɴ Eǫᴜɪᴛʏ ᴀs ᴀ Cᴏɴᴛʀᴀᴄᴛ ᴛᴏ Assɪɢɴ Cᴇʀᴛɪꜰɪᴄᴀᴛᴇ. A chattel mortgage executed upon the mortgagor's "right, title and interest to a license to sell beer or to a renewal thereof," which license was issued under the old law, confers upon the mortgagee no right at law to a certificate subsequently issued under the Liquor Tax Law (L. 1896, ch. 112), since the certificate was not in existence when the mortgage was given, is not a chattel and cannot be mortgaged; the mortgage, however, is good in equity as a contract to assign the new certificate when acquired, since it transfers the existing license and any "renewal thereof" which necessarily refers to the only renewal possible under the law as it existed when the mortgage was given.

2. Cᴇʀᴛɪꜰɪᴄᴀᴛᴇ ɴᴏᴛ Sᴜʙᴊᴇᴄᴛ ᴛᴏ Lᴇᴠʏ ᴀɴᴅ Sᴀʟᴇ ᴜɴᴅᴇʀ Exᴇᴄᴜᴛɪᴏɴ. Where the certificate has subsequently been issued to the mortgagor, judgment creditors who issue an execution and levy upon his interest therein take nothing by virtue thereof, because the certificate is a mere chose in action, incapable of seizure or delivery by the sheriff, is not within the description of personal property bound by execution as laid down in the Code of Civil Procedure (§§ 1405, 1410, 1411), and is not subject to levy and sale thereunder at least unless a warrant of attachment has been issued and a levy made by virtue thereof.

3. Rɪɢʜᴛ ᴏꜰ Mᴏʀᴛɢᴀɢᴇᴇ ᴛᴏ Rᴇʙᴀᴛᴇ ᴏɴ Sᴜʀʀᴇɴᴅᴇʀ ᴏꜰ Cᴇʀᴛɪꜰɪᴄᴀᴛᴇ. Where, subsequent to the attempted levy, the certificate is surrendered to

a special deputy commissioner of excise by the mortgagor, who receives a surrender receipt stating that there is a *pro rata* rebate of a specified sum due for an unexpired period, which receipt he assigns to the mortgagee, upon the refusal of the commissioner to pay the amount thereof to either of the claimants, the mortgagee may maintain an action in equity to enforce his right to such rebate, since he has no adequate remedy at law because his right to the certificate, so far as it rests upon the chattel mortgage, is good only in equity, and he is not obliged to rely solely upon an assignment made after the execution was issued and claims had been asserted by virtue thereof.

*McNeeley* v. *Welz*, 20 App. Div. 567, affirmed.

(Argued January 10, 1901; decided February 26, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered October 11, 1897, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*M. Hallheimer* for appellants. The chattel mortgage did not cover the liquor tax certificate. A liquor tax certificate is not a license, and, therefore, not a renewal of a license. (*Niles* v. *Mathusa*, 162 N. Y. 549.) The chattel mortgage was void as to the appealing defendants herein and, therefore, whether the liquor tax certificate was or was not included in the mortgage, the plaintiff has no rights either at law or in equity against the appellants. (*Karst* v. *Gane*, 136 N. Y. 316.) The plaintiff has no valid title to the rebate money whether levy had ever been made or not, for he was not a *bona fide* purchaser and he had full notice of the execution and levy. (*Osborn* v. *Alexander*, 40 Hun, 323.)

*E. D. Benedict* for respondent. The levy was invalid and ineffectual. (*McAllister* v. *Bailey*, 14 Civ. Pro. Rep. 401; *Anthony* v. *Wood*, 96 N. Y. 180; *U. S.* v. *Graff*, 4 Hun, 634; *U. S.* v. *Graff*, 67 Barb. 304; *Smith* v. *Orser*, 42 N. Y. 132; *Hankinson* v. *Page*, 12 Civ. Pro. Rep. 279; *Denton* v. *Livingston*, 9 Johns. Ch. 98; *Ranson* v. *Mener*, 3 Sandf. 692; *Pardee* v. *Ditch*, 9 Lans. 306; *Ingalls* v. *Lord*, 9 Con. 240.)

Plaintiff's title under the chattel mortgage was absolute. (Smith on Chattel Mortgages, 2 ; *Noyes* v. *Wyckoff*, 30 Hun, 466.) The decision of the court denying defendant's motion to dismiss, upon the ground that plaintiff had an adequate remedy at law, was proper. (*Hankinson* v. *Page*, 12 Civ. Pro. Rep. 288.)

VANN, J. On the 15th of May, 1896, the defendant Emil Schiellien borrowed $2,200 of the plaintiff, and to secure the payment thereof gave him a chattel mortgage upon his furniture and bar fixtures, " together with all" his " right, title and interest to a license to sell beer or to a renewal thereof." On the 23rd of June, 1896, Schiellien obtained from the defendant Henry W. Michell, who was then special deputy commissioner of excise for the county of Kings, a liquor tax certificate under the Liquor Tax Law, which went into effect on the 23rd of March, 1896. (L. 1896, ch. 112, § 45.) When said mortgage was given and until said certificate was issued, Schiellien had a license to traffic in liquors issued under the old law by the excise commissioners of Kings county, which was recognized as valid by the new law until June 30th, 1896, when it was to become void. (§ 4.) September 29th, 1896, in an action in the Supreme Court, the defendants Welz and Zerweck recovered judgment against Schiellien for the sum of $646.13, and on the 1st of October following they caused an execution to be issued thereon against his property to the defendant Buttling, who was then sheriff of Kings county. Two weeks later the sheriff served a notice on said Michell, as special deputy excise commissioner, stating that by virtue of said execution he had levied "upon all the leviable right, title and interest that the above defendant had on the 1st day of October, 1896, or at any time thereafter, in whose hands soever the same may be of, in and to a liquor tax certificate now in your possession. You will hold the same till further ordered by the sheriff of Kings county." Nothing further was done toward making a levy upon the certificate, which was never in the possession or sight of the sheriff, but was in the

possession of Schiellien from the time it was issued until October 31, 1896, when he surrendered it to the special deputy excise commissioner, who, not having the money on hand to pay the rebate due according to law, issued a "surrender receipt," which, after describing the certificate, stated that there was a *pro rata* rebate of $325 due for the unexpired period, "payable from any excise money hereafter received from said city or town or in any other manner hereafter legalized." On the 2nd of January, 1897, Schiellien assigned to the plaintiff his right to the $325 mentioned in the receipt by a writing indorsed on the back thereof and delivered therewith. When said attempt to levy was made, the liquor tax certificate was not in the possession of the commissioner and had not then been surrendered for cancellation. No money was exposed to the sheriff nor was anything taken into custody by him.

As both the plaintiff and the judgment creditors claimed said sum of $325, the commissioner refused to pay it to either, whereupon this action was brought to secure an adjudication that it belonged to the plaintiff; that the defendants had no right thereto, and that the plaintiff should have judgment therefor against the commissioner. The trial court rendered judgment for the plaintiff accordingly, the Appellate Division affirmed unanimously and the judgment creditors come here.

The plaintiff acquired no right, at law, to the liquor tax certificate by virtue of his chattel mortgage, because the certificate was not in existence when the mortgage was given and such an instrument is not a chattel and may not be mortgaged. (*Niles* v. *Mathusa*, 162 N. Y. 546, 551; Jones Chat. Mort. [4th ed.] § 138; Pingrey on Chat. Mort. § 211; Herman on Chat. Mort. § 46.) The mortgage, however, was good in equity as a contract to assign the new certificate, when acquired, because there was a transfer of the existing license and any "renewal thereof," which necessarily referred to the only renewal that was possible under the law as it existed when the mortgage was given. (*Hale* v. *Omaha Nat. Bank*, 49 N. Y. 626; *Wisner* v. *Ocumpaugh*, 71 N. Y. 113; *Kribbs* v. *Alford*, 120 N. Y. 519, 524.)

The judgment creditors and their representative, the sheriff, took nothing by virtue of the execution and the attempt to levy thereunder, because a liquor tax certificate is not subject to levy and sale under execution, at least unless a warrant of attachment has been issued and a levy made by virtue thereof. (Code Civ. Pro. § 648.)   It is a mere chose in action which is incapable of seizure or delivery by the sheriff. (*Bogert* v. *Perry*, 17 Johns. 351.; *Clark* v. *Warren*, 7 Lans. 180.)   It does not come within the description of "personal property bound by execution" as laid down in section 1405 of the Code of Civil Procedure, which provides that "the goods and chattels of a judgment debtor   *   *   *   and his other personal property, which is expressly declared by law, to be subject to levy by virtue of an execution, are   *   *   * bound by the execution, from the time of the delivery thereof to the proper officer, to be executed ; but not before." ·While the certificate was personal property, it was not a chattel, but, an intangible right. (*Niles* v. *Mathusa*, *supra.*)   Clearly it was not current money, which is covered by section 1410, nor was it such an evidence of debt as is described in section 1411, because it was not "issued by a moneyed corporation to circulate as money," and although it was issued pursuant to public authority it was not "in terms negotiable or payable to the bearer or holder."   While a certificate is assignable it is not negotiable for it is a mere receipt for so much money paid "for excise tax on the business of trafficking in liquors" at a designated place. (L. 1896, ch. 112, § 20.)   It is not even assignable without restriction, but only upon the condition that the proposed assignee is eligible under the statute to "carry on the business for which such liquor tax certificate was issued upon the premises described therein." (Id. § 27.) Furthermore, the assignee is required to make a new application, give a new bond and obtain consent to the transfer from the officer who issued the certificate. (Id.)   Our attention has been called to no provision of law which makes such a certificate subject to levy by virtue of an execution issued without the aid of a previous attachment.   The judgment

1901.]   People ex rel. Nat. Surety Co. v. Feitner.   129

N. Y. Rep.]                     Statement of case.

creditors, therefore, acquired no lien upon the certificate through their execution and the proceedings thereunder. In order to obtain a lien thereon so as to test the good faith of the mortgage, or the transfer by virtue of the mortgage, they should have resorted to proceedings supplementary to execution or to a creditor's action. (Code Civ. Pro. §§ 1871, 2441, 2447.)

The plaintiff had no adequate remedy at law, because his right to the certificate, so far as it rested upon the chattel mortgage, was good only in equity and he was not obliged to rely solely upon the assignment made after the execution was issued and claims had been asserted by virtue thereof.

Whether an action either at law or in equity would lie against a special deputy excise commissioner under the statute as it existed on the 27th of January, 1897, when this action was commenced to recover the rebate due upon surrender of a certificate, is not decided, for that officer has not appealed to this court. (§ 25; *People ex rel. Miller* v. *Lyman*, 156 N. Y. 407.)

We find no error in the record before us, and the judgment appealed from must, therefore, be affirmed, with costs.

Parker, Ch. J., O'Brien, Haight, Martin and Landon, JJ., concur; Bartlett, J., not sitting.

Judgment affirmed.