County Court, Saratoga County, January, 1902. Reported. 36 Misc. 756.

,Adelbert P. Knapp, Plaintiff, *v.* T. Bernard Scanlin, Defendant.

Liquor    Tax    Law—Payment    of    rebate—Duties    of    State    Excise
    Commissioner.
    Where, pending an application by the holder of a liquor tax certificate
for its surrender and for the rebate, a judgment creditor attaches his
right, title and interest therein, recovers judgment and has a receiver
appointed, the receiver cannot procure an order directing the State Com-
missioner of Excise to pay him the rebate, as the commissioner does not
hold the moneys and merely issues orders for the rebate upon the state
treasurer and the fiscal officer of the locality.
    The commissioner is however entitled to know and must see to it that
the rebate is paid to the proper person.
    *Semble,* that where the commissioner declines to issue an order for the
rebate because of conflicting claims in regard to it the remedy of the
receiver is to bring the matter up by a mandamus to compel him to do so,
the fiscal officer of the locality being made a party to the proceeding.

Application by a receiver in supplementary proceedings for
an order directing the payment to him by Henry H. Lyman, State
Commissioner of Excise, of the amount of the rebate of liquor tax
certificate No. 18,602, issued to defendant June 14, 1900.

James F. Swanick, for Joseph P. Brennan, receiver, for motion.

A. O. Briggs, for Henry H. Lyman, opposed.

Rockwood, J. Joseph P. Brennan, as receiver in supplemen-
tary proceedings of T. Bernard Scanlin, judgment debtor, makes
application in this action for an order directing the payment to
him by Henry H. Lyman, State Commissioner of Excise, of the
amount of the rebate of liquor tax certificate No. 18,602, issued
to said defendant on June 14, 1900. The motion is opposed upon
the grounds that the court has not jurisdiction, and that where
the title to the money or to the right of possession thereof is sub-
stantially disputed, as is claimed here, an order cannot be made
requiring payment or delivery to a receiver. In his affidavit, Mr.
Lyman alleges that he has no money in his hands with which to
pay the rebate; that provision is made for the issuance of certain
orders upon the Treasurer of the State of New York and the
proper local fiscal officer for the payment of rebates under section

25 of the Liquor Tax Law, but that on account of alleged conflict-
ing claims to the rebate he has not issued an order for the pay-
ment thereof.

In the year 1900 the defendant was conducting the Columbian
Hotel in Saratoga Springs, N. Y., and, upon his application,
became the holder of the liquor tax certificate aforesaid. His
business venture proving unsuccessful the defendant departed
from the county of Saratoga, and, upon the allegation that it was
with intent to defraud creditors, the plaintiff instituted this
action in a Justice's Court on September 13, 1900, and obtained a
warrant of attachment which was upon that day levied upon the
right, title and interest of the defendant in and to the certificate
and rebate moneys aforesaid by due service thereof upon the
Saratoga County Treasurer. Other creditors also brought suit
and additional attachments were levied in favor of Charles C.
Van Deusen on September 14, 1900, for $108.84; Harry Weller, on
September 15, 1900, for $57.75; John Bolls, on September 15,
1900, for $26. On September 19, 1900, the plaintiff recovered
judgment in this action and caused an execution to be issued
thereon. In all of the creditors' actions judgments were ulti-
mately recovered. Prior to his departure and on September 13,
1900, the defendant filed with the Saratoga county treasurer his
petition and duplicate surrender receipts in proper form, pray-
ing for the cancellation of his certificate in accordance with sec-
tion 25 of the Liquor Tax Law, and for the refunding to him of
the proper amount of the tax paid for the unexpired term of
such certificate. This was filed with the State Commissioner of
Excise on September 13, 1900. On September 20, 1900, there was
filed in the office of the State Excise Commissioner a written
instrument purporting to be executed by the defendant on Sep-
tember 13, 1900, but acknowledged on September 19, 1900, assign-
ing to Hial C. Ferguson of Chicago, Illinois, the right, title and
interest of the defendant in and to any rebate due upon the can-
cellation and surrender of the said liquor tax certificate. Pro-
ceedings supplementary to execution upon the judgment in the
case at bar were instituted on September 27, 1900, and on the
following day Joseph P. Brennan was duly appointed receiver of
the property and choses in action of the defendant, and upon his
qualification an order was obtained requiring Henry H. Lyman
to show cause " why the money now in his hands, being a rebate
of license No. 18,602 granted to T. Bernard Scanlin by Bartlett

B. Grippen, county treasurer of the county of Saratoga, should not be paid over to Joseph P. Brennan as receiver of said T. Bernard Scanlin." It does not appear that any of the other creditors have had the receivership extended to their proceedings, and no claim is made to Mr. Lyman or the defendant but that the judgment of the plaintiff was regularly obtained.

By the levy of the warrant of attachment, the recovery of the judgment and the issuance of execution, the plaintiff acquired a lien upon the liquor tax certificate and rebate which is prior to that of the other judgment creditors. (*McNeeley* v. *Welz*, 166 N. Y. 124.)

The only question in the case, therefore, is, — Has the receiver pursued the proper remedy to reach the rebate moneys to which he is entitled? Section 25 of the Liquor Tax Law (L. 1900, ch. 367, § 7) prescribes the method for the surrender and cancellation of liquor tax certificates and the payment of rebates. In substance it is provided that the receiver may surrender the liquor tax certificate or, at his option, continue to carry on the business upon the same premises for the balance of the term for which the taxes are paid and the certificate given. If a petition for surrender is filed with the county treasurer it becomes his duty to transmit the same to the State Commissioner of Excise, who, if the case is a proper one, " shall prepare two orders for the payment of such rebate, one order for the one-third thereof, directed to the state treasurer, to be paid by him on the certificate of the comptroller, and one order for the two-thirds of such rebate, directed to the fiscal officer of the proper locality, to be paid by such fiscal officer out of any excise or other moneys of such locality applicable thereto." These orders shall be transmitted to the officer who issued the cancelled certificate to be delivered to the holder of the duplicate receipt upon the surrender of such receipt, which receipt shall be immediately transmitted to the State Commissioner. Thus, at the outset, it appears that the State Commissioner of Excise at no time has in his possession any rebate moneys as such, and the most that he is required to do under the statute is to issue the orders provided by the Liquor Tax Law before alluded to. The receiver here asks for an order requiring Henry H. Lyman to *pay over* to him " the money now in his hands, being a rebate of license No. 18,602 granted to T. Bernard Scanlin &c."; whereas, as a matter of fact, there is no money in the hands of the State Commissioner of

Excise. Reliance is placed by the receiver upon the provisions of the Code of Civil Procedure, section 2447, to the effect that where it appears from an examination in supplementary proceedings " that one or more articles of personal property, capable of delivery, his right to the possession whereof is not substantially disputed, are in the possession or under the control of another person " an order may be made directing the payment of such money or the delivery of such articles of personal property to the receiver. This section has no application to the present issue, because the order for the payment of the rebate is neither " money or other personal property," capable of delivery within the intent and meaning of said section 2447 of the Code of Civil Procedure. It is a mere chose in action or an intangible right. (*McNeeley* v. *Welz, supra; Niles* v. *Mathusa,* 162 N. Y. 546.)

Counsel for the Excise Commissioner insist that the assignment by Scanlin to Ferguson raised such a substantial dispute as to the rights of the parties to the rebate order in question that the only remedy of the receiver is in a direct action to enforce his claim to priority. This would not seem to be an equitable view of the situation, because when the defendant presented his petition for cancellation of the liquor tax certificate he affirmed that he was the owner thereof and entitled to the rebate. This was followed on the same day by the levy of the plaintiff's warrant of attachment, so that the plaintiff, to the extent of his demand, acquired a lien upon whatever rights the defendant had to the rebate moneys. The assignment to Ferguson was plainly an afterthought, but assuming it to be of full legal force and effect, it was, nevertheless, subject to the prior rights which the plaintiff had acquired through his attachment.

In *Herman* v. *Goodson,* 18 Misc. Rep. 604, and *Niles* v. *Mathusa,* the rights of assignees of the liquor tax certificate were given preference over those of the receiver, but in each case the assignments were made *prior* to the issuance of the certificates.

These rights the receiver can enforce, but in the present proceeding he has mistaken his remedy. It would be manifestly improper to direct the State Commissioner of Excise to pay over moneys when he has none in his possession. Furthermore, the State Commissioner of Excise is a public officer, whose only duty and evident desire is to see that the statutory requirements are complied with. In the present case he does not even occupy the position of a stakeholder, but must primarily issue an order

for the rebate before the rebate can be collected. If, in a proper case, he should refuse to issue such order, then clearly the power of the courts could be invoked, by writ of mandamus, to compel him to do so. (*People ex rel. Miller* v. *Lyman,* 156 N. Y. 407; *People ex rel. Ging* v. *Lyman,* 46 App. Div. 312; *People ex rel. Seitz* v. *Lyman,* 59 id. 372.)

That would seem to be the proper remedy of the receiver in this case, and the provisions of section 25 of the Liquor Tax Law indicate that the Saratoga county treasurer would be a proper party to such proceeding. The State Commissioner of Excise has no reason for withholding the orders for rebate if it is right that they should be issued, but it is his duty to know that such orders are rightfully issued to the persons entitled to them. The order desired by the receiver here would be ineffectual to protect the State Commissioner of Excise, and for all of the foregoing reasons the motion must be denied but without prejudice to the right of the receiver to institute such other actions or proceedings for the recovery of such rebate moneys as he may be advised. As the receiver has acted in evident good faith the denial of this motion is without costs.

Let an order be entered in accordance herewith.

Ordered accordingly.