## In re HOWARD.

(Circuit Court of Appeals, Ninth Circuit. February 20, 1905.)

### No. 1,095.

1. APPEAL—REVERSAL—RESTITUTION—DECREE—RES JUDICATA.

The trustee of a bankrupt recovered judgment for $6,492.37, as the value of certain fruit shipped by him as the factor of the original shippers, in an action in which the assignee of the original shippers, also claiming the fund, was substituted as defendant. The judgment directed payment to the trustee or his attorney, and the latter, receiving from the depositary $6,502.22, paid to the trustee $5,274.26, retaining the balance for services and disbursements. On appeal this judgment was reversed, and judgment directed for the assignee of the original shippers, whereupon a decree was rendered in the lower court, to which both the trustee and his attorney were parties, directing restitution to such assignee of the sum of $6,492.37. Held, that such decree, unappealed from, was res judicata between the parties as to the trustee's liability, so that he was not thereafter entitled to a modification thereof on his being unable to obtain restitution of the amount retained by the attorney, so as only to require the trustee to repay the amount received.

2. SAME—SUMMARY JURISDICTION.

It was competent for the court of bankruptcy, on such record, to enter an order, in the exercise of its summary jurisdiction, requiring the trustee to pay the assignee the amount determined to be due him by the decree of restitution.

Petition for Revision of Proceedings of the District Court of the United States for the Northern District of California, in Bankruptcy.

For opinion below, see 130 Fed. 1004.

Joseph R. Patton and William A. Coulton, for petitioner.
Tirey L. Ford, for respondent.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge. Charles B. Bills, as trustee in bankruptcy of the estate of Edward B. Howard, trading as Howard & Co., bankrupt, commenced an action in the Circuit Court of the United States for the Eastern District of New York on the 16th day of January, 1900, against Sylvester G. Whiton, as executor of the estate of Charles H. Skidmore, deceased. The action was commenced by the trustee by the sanction and authority of the referee in bankruptcy of the District Court for the Northern District of California in and for the county of Santa Clara, in this state, for the purpose of recovering from Whiton, as such executor, certain moneys which were the proceeds of sales of six car loads of dried fruit theretofore consigned to the firm of Turle & Skidmore by Edward

B. Howard, prior to being adjudicated a bankrupt, as a factor of the original shippers. The proceeds of these shipments were then in the hands of Whiton as executor of the estate of Skidmore; the said Skidmore being the general, and the said Turle being the limited, partner of said firm of Turle & Skidmore. In this action Louis C. Schliep, as assignee of the original shippers, was on the 6th day of December, 1901, substituted as a defendant in place of Whiton, executor. Thereafter, and on August 28, 1902, a decree was entered in said action in which it was adjudged that the sum of $6,-502.22 on deposit in the Washington Trust Company, with interest thereon at the rate of 3 per cent. per annum from December 7, 1901, belonged to the plaintiff Charles B. Bills, as trustee in bankruptcy of the estate of Edward B. Howard, bankrupt, with the exception of $150.63, with interest thereon at the rate of 3 per cent. per annum from the date of the original deposit with the trust company, which last sum, it was adjudged, belonged to the defendant Schliep. In pursuance of this decree it was ordered that the Washington Trust Company, upon presentation of a certified copy of the decree and order, should pay to the plaintiff Bills, or to his attorney, Philo B. Safford, the said sum of $6,502.22, with interest as specified in the decree, and to Louis C. Schliep, or his attorney, the sum of $150.63, with interest as specified in the decree. On August 29, 1902, the day after the entry of this decree, the trust company paid over to Safford, as attorney for the trustee, the sum of $6,492.37, and thereupon Safford transmitted to said trustee the sum of $5,274.26, retaining the sum of $1,218.11; claiming $1,075 thereof as a payment on account of legal services rendered by him in said action, and $143.11 for disbursements made by him therein. Upon the receipt of said sum of $5,274.26 by the trustee, he caused it to be deposited in the Bank of San José, the depositary designated by the District Court of the United States for the Northern District of California as the bank in which all moneys received by the said trustee in the matter of said bankruptcy should be deposited. After the entry of the decree in favor of the trustee in the Circuit Court, the defendant Schliep appealed the case to the Circuit Court of Appeals for the Second Circuit, and on December 6, 1903, that court reversed the decree of the Circuit Court; holding, upon the evidence in the case, that the San José shippers, in the sale of their fruit, had dealt with Howard as the mere agent of Turle & Skidmore. 127 Fed. 103, 62 C. C. A. 103. The Court of Appeals accordingly directed the Circuit Court to order the funds to be paid over to the defendant Schliep, as the assignee of the shippers, and a mandate was issued to the Circuit Court accordingly. On February 11, 1904, a final decree was entered in the Circuit Court in favor of the defendant Louis C. Schliep, pursuant to the mandate of the Circuit Court of Appeals. In this decree it was further ordered that Schliep should recover his costs in the Circuit Court of Appeals and in the Circuit Court, taxed at $681.30. Thereafter, and on April 1, 1904, the Circuit Court, upon motion for restitution, was advised by the affidavit of Louis C. Schliep of the payment by the Washington Trust Company of the sum of $6,492.37 on August 29, 1902, to Philo B. Safford, as attorney for the trustee; that the attorney had transmitted

$5,274.26 to the trustee, and had applied $1,218.11, the remainder thereof, in payment of professional services rendered and expenses incurred by him as attorney for the trustee in the action; that demand had been made upon the trustee and upon his attorney for restitution of the said sum of $6,492.37, with interest thereon, and payment had been refused. After a hearing upon said motion, the court entered a decree adjudging that the trustee forthwith make restitution to Louis C. Schliep of the said sum of $6,492.37, with interest thereon from the 29th day of August, 1902, at the rate of 3 per cent. per annum, and that the defendant Schliep have execution therefor.

On the 18th day of April, 1904, Louis C. Schliep filed a petition in the District Court of the United States for the Northern District of California, alleging the entering of the final decree in his favor by the Circuit Court of the United States for the Second District, directing that the Washington Trust Company pay over to him or his order the sum of $6,502.22, with interest thereon at the rate of 3 per cent. per annum from the 7th day of December, 1901, and further directing that Schliep recover from Bills, trustee, the sum of $681.30, being the cost of the appeal in the Circuit Court of Appeals and the final decree in the Circuit Court. The petition also alleged that due demand had been made upon the Washington Trust Company for the sum of $6,502.22 and interest thereon, and that payment had been refused on the ground that the Trust Company had paid over to Safford the sum of $6,492.37, being the entire amount of said fund and interest, excepting only the sum of $150.63 and interest, still held by it for account of Schliep. It was also alleged that demand had been made on Safford for the said sum of $6,492.37, and payment refused; that application had been made in the Circuit Court for the Eastern District of New York for restitution; and that a decree had been granted therein on the 1st day of April, 1904, an exemplified copy of which decree was attached to the petition, and made a part thereof. The petition prayed that the District Court enter an order directing payment to the petitioner of the sum of $6,492.37, with interest thereon from the 29th day of August, 1902, at the rate of 3 per cent. per annum, and further to make payment to him of the sum of $681.30, being the total of the costs directed to be paid by the final decree of the United States Circuit Court for the Second Circuit. To this petition an answer was filed by the trustee, Charles B. Bills, alleging, among other things, the matter hereinbefore referred to, and alleging further that immediately upon the receipt of the sum of $5,274.26 from his attorney, Safford, he repudiated the appropriation of any portion of said sum so paid by the Washington Trust Company to Safford on account of the attorney's fees for services rendered by said Safford to said trustee in said action, and demanded that Safford forthwith transmit the said sum so retained by him out of such payment, in order that the whole of said fund so received under said decree might be preserved intact until the final termination of said action, but that Safford then and there refused, and has always refused, to transmit to said trustee the amount so retained by him out of said payment, and has ever since refused, and now refuses, to restore the same, or any portion thereof, to the petitioner, Schliep, or to the said trustee. It was further alleged that no order or decree had at any time

been made by the judge of the District Court, or by its referee in bankruptcy for the county of Santa Clara, fixing or determining the amount of the value of the services of said Safford as attorney for said trustee, and that no order or decree, or petition therefor, had ever been made or filed in said court, or by said referee in bankruptcy, authorizing or sanctioning or approving the said acts of Safford in thus appropriating and taking any portion of the funds so paid to him by said Washington Trust Company. It was also alleged that the trustee had not at any time since the 17th day of September, 1902, had sufficient money or funds belonging to the estate of said bankrupt wherewith to institute any action or proceedings, or to take any steps to compel the said Safford to restore to him, the said trustee, or to the Washington Trust Company, the funds, or any portion thereof, so taken and appropriated by Safford for attorney's fee in said action, and for that reason the said trustee had been unable to take any action or proceedings whereby said money so taken could be restored to the Washington Trust Company, or come into the hands of said trustee, or be paid to said petitioner. It is further alleged that the trustee had always been willing and ready and able to pay to such person as the court might determine was entitled thereto the said sum of $5,274.26.

Upon this petition and answer the District Court, following the decree of restitution entered in the New York Circuit Court, entered an order directing the trustee to forthwith pay to Louis C. Schliep the sum of $6,492.37, with interest thereon from August 29, 1902, at the rate of 3 per cent. per annum, and denied the application of Schliep for an order requiring the trustee to pay to the petitioner the sum of $681.30, costs of suit in accordance with the judgment of the New York Circuit Court, but without prejudice to the right of the petitioner to enforce said judgment by action or execution. The petition of the trustee to review this order is for the purpose of so modifying the order that it shall require and direct him to pay over to said Louis C. Schliep the sum of $5,274.26, without interest, being the amount received by him from his attorney, Safford, and for the costs on this review.

The trustee in his answer does not deny the entry of the decree of restitution in the New York Circuit Court. The decree appears from the record to have been regularly entered after a hearing in which the trustee was represented by his attorney, Safford, who was himself a party to the proceedings. This decree, not having been appealed from, has become final, as between the parties, and the questions there determined are res adjudicata. Upon the pleadings in the District Court, it was competent for that court, in the exercise of its summary jurisdiction as a court of bankruptcy, to enter an order requiring the trustee to pay the petitioner the amount determined to be due him by the decree of restitution.

The item of costs amounting to $681.30 which the petitioner claims by reason of the judgment of the Circuit Court of Appeals, and the decree of the Circuit Court entered in pursuance of that judgment, was not made a part of the decree of restitution, and was not ordered paid by the District Court, but the denial of the order was without prejudice of the right of the petitioner to enforce judgment for the same by action or execution. The decree of restitution was directed to a specific fund

which came into the hands of the trustee, either actually or in judgment of law, and which he was required to restore to the petitioner. To enforce this decree, the summary proceedings in the District Court were an appropriate remedy; but not so with respect to the judgment for costs, for the payment of which no funds had come into the hands of the trustee. We think this claim of the petitioner was properly omitted from the order of the District Court.

The order of the District Court is affirmed.