## In re CHELSEA PURE FOOD CORPORATION.

(District Court, S. D. New York. December 30, 1926.)

No. 41544.

1. **Execution** ⊙⇒43—**Unliquidated claim against insurance company held not bound by delivery of execution to officer (Civil Practice Act, N. Y. § 679).**

Under Civil Practice Act N. Y. § 679, providing that an execution shall bind personal property subject to levy thereunder from the time of its delivery to a proper officer, an unliquidated claim of the judgment defendant against insurance companies is not so bound, being a mere chose in action not subject to levy.

2. **Bankruptcy** ⊙⇒143(11)—**Receiver held entitled to receive insurance money due bankrupt as against judgment creditors.**

An order of a state court permitting insurance companies to pay the amount of adjusted losses due a judgment defendant to the sheriff, to be applied on executions held by him, *held* not effective to defeat the paramount right of a receiver appointed on bankruptcy of the judgment defendant, within four months after the order was made to receive the insurance money.

3. **Bankruptcy** ⊙⇒20(1)—**Receiver, entitled to money of bankrupt impounded by state court, must apply to that court for vacation of order.**

Receiver, entitled to money owing to bankrupt, but impounded by order of state court *held* required to apply to that court for vacation of the order.

In Bankruptcy. In the matter of the Chelsea Pure Food Corporation, alleged bankrupt. On motion by receiver to require insurance companies to pay to him the amount of adjusted losses due bankrupt. Granted.

Charles C. Parmet, of New York City, for receiver.

Engelhard, Pollak, Pitcher & Stern, of New York City, for London Assurance Corp. and Hartford Fire Insurance Co.

Cardozo & Nathan, of New York City, for Liverpool & London & Globe Insurance Co., Limited.

WINSLOW, District Judge. This is a motion by the receiver in bankruptcy to compel three insurance companies to pay to him sums aggregating $1,800, the amount of adjustment of fire loss prorated. On December 26, 1925, June Dairy Products Company obtained a judgment of $279.20 against Chelsea Pure Food Corporation. On December 30, 1925, a "third party" and restraining order was obtained by the judgment creditor, June Dairy Products Company, in proceedings supplementary to execution, and served on the insurance companies.

On May 17, 1926, the Gramercy Woodworking Company obtained a judgment of $1,376.06 against the same defendant. On May 26, 1925, a "third party" and restraining order was obtained and served by the judgment creditor, Gramercy Woodworking Company, on the insurance companies, in proceedings supplementary to execution. On September 7, 1926, a petition in bankruptcy was filed in this court, and a receiver was thereupon appointed and duly qualified.

These "third party" and restraining orders were issued out of the City Court of New York, presumably in aid of the unreturned executions then in the hands of the sheriff of New York county. An order was obtained August 19, 1926, in the City Court, less than four months from filing the petition in bankruptcy, permitting the insurance companies to pay the above prorated fire loss to the sheriff.

The record leaves some facts open to surmise, but apparently an adjustment of fire loss was arrived at by somebody prior to the bankruptcy as to the several shares to be paid by the insurance companies—in all, the sum of $1,800. The restraining supplementary order is still in force, but the loss adjustment has not been paid to the sheriff, or anybody else. The insurance companies are stakeholders and are ready to pay the adjusted amounts to the proper persons, seeking only the protection of the court from harassment.

Two questions are presented—the first as

to whether the receiver is entitled to the insurance loss as against the judgment creditors; and, secondly, what is the proper procedure in regard to the restraining order of the City Court, still outstanding.

[1] Section 679 of the New York Civil Practice Act is as follows:

"The goods and chattels of a judgment debtor, not exempt, by express provisions of law, from levy and sale by virtue of an execution, and his other personal property which is expressly declared by law to be subject to levy by virtue of an execution, are bound by the execution, when situated within the jurisdiction of the officer to whom an execution against property is delivered, from the time of the delivery thereof to the proper officer to be executed, but not before."

The unliquidated claims against the insurance companies are mere choses in action, incapable of seizure or delivery by the sheriff, and are not personal property "bound by the execution" from the time of its issuance. McNeeley v. Welz, 166 N. Y. 124, 128, 59 N. E. 697. No lien was created by entry of the judgment, and no lien was obtained on these choses in action by delivery of the execution to the sheriff.

[2] If the order of August 19, 1926, permitting the payment of the fire loss to the sheriff was a "levy" or created a "lien," it was obtained "through legal proceedings" against the insolvent, and the property thus affected is "wholly discharged," and released from the same by virtue of the Bankruptcy Act, § 67f (Comp. St. § 9651), provided, however, that there has been an adjudication of bankruptcy.

[3] The insurance, as adjusted, is still unpaid to any one. The Bankruptcy Act is paramount, and these judgments are dischargeable in bankruptcy. While this court has the power to stay further supplementary proceedings in the state court, and will do so, if proper cause be shown, it cannot vacate the restraining order of the state court. Even though it had that power, comity would forbid. The record in the clerk's office shows that an adjudication of bankruptcy was made on September 21, 1926.

I am therefore of the opinion that the right of the receiver to the amounts of the adjusted fire loss is paramount. An order will be made in accord with this opinion. It is, however, the duty of the receiver and of the parties hereto to make proper application to the state court to vacate the restraining orders prior to requiring compliance with the conclusion of this court.