## In re SMITH.

## MILLER v. EHRLICH.

Circuit Court of Appeals, Second Circuit.
December 2, 1929.

No. 171.

George M. Glassgold, of New York City (Arthur Miller, of New York City, of counsel), for appellant.

Abraham J. Halprin, of New York City (Irving Barry, of Brooklyn. N. Y., of counsel), for appellee.

Before MANTON, AUGUSTUS N HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge. The bankrupt, Isaac Smith, was the sole stockholder of the Israh Building Corporation. At the time the petition in bankruptcy was filed, the corporation owned certain real property in New York City, which was sold shortly after Smith's bankruptcy. The net proceeds of sale, amounting to $1,676.07, were turned over to the trustee in bankruptcy upon the theory that these moneys were general assets of the insolvent estate, because the bankrupt was the equitable owner of all the property of the corporation. Prior to the bankruptcy the claimant, Miller, drew plans for a building to be erected on the property belonging to the corporation and filed them with the building department of the city of New York. These plans were rejected, whereupon he drew another set of plans, which were filed thereafter. The plans were ordered by Smith, who was at the time the president of the corporation. Miller filed the usual architect's affidavit with the building department, in which he made application on "behalf of Isaac Smith, owner, * * * for the approval of such * * * plans." This affidavit was accompanied by an application signed by Smith himself, in which he swore that he was the owner of the premises on which the building was to be erected. Miller testified that he was informed by Smith that the latter was the president of the corporation and that the corporation owned the property.

After the bankruptcy occurred, Miller filed no proof of claim against the bankrupt estate and took no steps to obtain his pay (except by filing a mechanic's lien just before the sale of the land) until about a year afterwards, when he sued the corporation in the Municipal Court and obtained a judgment by default for $1,135 for his alleged services to the latter. Execution was issued to a city marshal and returned unsatisfied. Thereupon Miller petitioned the bankruptcy court for payment of this judgment to the marshal out

of the proceeds of sale of corporate property in the hands of the trustee.

The referee held that Miller's claim against the corporation was an afterthought that he contracted solely with Smith, and never looked to the corporation until he found the former was insolvent and could not pay him. He accordingly dismissed the claim, and the District Judge affirmed the order of the referee.

It is manifest that the court below proceeded upon a wrong theory. It could not question the validity of the judgment obtained by Miller against the Israh Building Corporation. If the trustee wished to avoid the effect of that judgment, he doubtless might as sole stockholder set machinery in motion to require the corporation to apply to the state court to open its default, and thus attempt to defeat Miller's claim. He took no such step, but relied on testimony which he thought indicated that Miller contracted only with Isaac Smith as an individual. As long as the judgment stood, it conclusively established Miller's claim against the corporation, and all evidence that he did not contract with it was incompetent. In re Howard (C. C. A.) 135 F. 721.

Thus we have a case where corporate funds were turned over to the trustee in bankruptcy as sole owner of the corporate stock, though the indebtedness of the corporation to Miller was outstanding and unsatisfied. Such a transfer, even though made to a trustee, who did not know of Miller's claim, was, under familiar principles, void against creditors of the corporation. It is manifest that the proceeds of corporate property cannot be treated as assets of the bankrupt estate to the prejudice of Miller. It makes no difference whether a corporation having no creditors might distribute its property to its sole stockholder. At least to the extent of Miller's judgment the property under consideration here was subject to the payment of his claim. Consequently the trustee cannot distribute the proceeds of the Israh Building Corporation among the creditors of the bankrupt estate, or use them for general expenses, except so far as they may exceed the amount of corporate creditors. This being so, the question remains as to the proper disposition of the funds in the hands of the trustee in bankruptcy.

Under section 679 of the Civil Practice Act of the state of New York an execution creditor subjects the goods and chattels of his judgment debtor to levy by virtue of the execution from the time of its delivery to the proper officer to be executed. Home Bank v. Brewster & Co., 15 App. Div. 338, 44 N. Y. S. 54. But such an inchoate lien is only imposed upon tangibles, and not upon choses in action. McNeeley v. Welz, 166 N. Y. 124, 59 N. E. 697. Accordingly the mere issuance of the execution imposed no lien on behalf of Miller upon the moneys standing to the credit of the trustee in bankruptcy. Some further suit or proceeding in aid of the execution was necessary under the New York statutes to reach and apply these assets.

Section 792 of the New York Civil Practice Act empowers the judge of the state court, who has granted an order for examination in supplementary proceedings, to make an order upon such notice as he deems best, or, without notice, "permitting" the person indebted to the judgment debtor to pay to a sheriff designated in the order a sum on account of the alleged indebtedness not exceeding the sum which will satisfy the execution. An order for examination in supplementary proceedings was apparently made by the state court after the return of Miller's execution unsatisfied. The further steps to be taken would not seem to be difficult in such a situation.

While it is necessary for the bankruptcy court, as well as the state court, to authorize the payment before it can be actually made under section 792, supra, yet if the state court order is obtained, and the execution is thus extended to the proceeds of sale of the corporate real estate, except for the bar caused by the possession of the fund by the bankruptcy court, that bar should be at once removed. The transfer of corporate funds from the corporation to the trustee in bankruptcy, which confessedly was without consideration, may properly be treated as constituting a debt from the trustee to the judgment debtor corporation, so as to subject it to levy under section 792 with the consent of the bankruptcy court.

Another less simple method of reaching the proceeds in the hands of the trustee would be through a receiver of the corporation appointed in an action in the state court for a sequestration of its property brought under section 100 et seq. of the General Corporation Law of New York (Consol. Laws, c. 23). This way would seem to be unnecessarily cumbersome, unless there are creditors of the corporation other than Miller who ought to share in its assets.

If it is shown to the District Court that there are no creditors of the corporation, other than Miller, perhaps a simpler proced-

ure would be an order of the District Court, made on the consent of the trustee and the corporation, for the payment by the trustee to the city marshal of the amount of Miller's judgment.

The trustee in bankruptcy should be directed to hold the proceeds of sale of the corporate real estate which are' in his hands pending a further application by Miller, or by a receiver of the Israh Building Corporation in sequestration, for distribution of the same. The time within which such application shall be made should be fixed by the United States District Court in bankruptcy.

Accordingly the petition of Miller is dismissed, without prejudice to a further application by Miller, or a receiver in sequestration, to reach and apply the proceeds of sale of the Israh Building Corporation which are in the hands of the trustee.

The order, as modified in accordance with the views expressed in this opinion, is affirmed.