Harry E. Schirick, J.
The judgment debtor surrendered her liquor license on May 23, 1941. On May 3, she had assigned her right to a refund to Blanche Clifford. On May 23, she executed a second assignment of the same refund to her attorney, Maurice Abrams. On September 17, this proceeding was begun on behalf of the judgment creditor, upon a judgment in the sum of $48.50.
Although the fund had not come into existence on May 3, when the assignment to Clifford was made, it still operated as an equitable assignment, and was valid as against the assignor *471 and any subsequent assignee who had notice, or did not part with a present consideration. (Titusville Iron Co. v. City of New York, 207 N. Y. 203.) From the record, it is clear that Abrams did have knowledge of the assignment to Clifford. It is also clear that he parted with no present consideration upon the strength of the assignment. Clifford’s claim is, therefore, superior to Abrams’.
It is not superior to the claim of the judgment creditor. As an equitable assignment, it must give precedence to a valid legal lien. (Matter of Atlas Advertising Agency v. Casa Cubana, 259 App. Div. 951.)
The motion of the assignee Blanche Clifford is, therefore, granted, with the exception of the sum of $48.50, which is directed to be paid to the judgment creditor.
The motion of the assignee Abrams is denied, with $10 costs.