### In re SILVER CUP BAR & GRILL, Inc.

District Court, S. D. New York.

Oct. 1, 1942.

Irving Lipton, of Brooklyn, N. Y., for petitioner.

Levin & Weintraub, of New York City (Benjamin Weintraub, of New York City, of counsel; Milton Mitwell, of New York City, on the brief), for petitioning creditors.

CONGER, District Judge.

The assignee of a sum of money refunded by the New York State Liquor Authority upon the surrender of a liquor license heretofore issued to the alleged bankrupt, petitions this Court for an order vacating and setting aside an ex parte order, dated August 28, 1942. This order restrained the petitioner from taking any further proceedings in the New York Supreme Court for the purpose of collecting such refund.

There is no dispute as to the facts. On January 5, 1942, the petitioner loaned a sum of money to the alleged bankrupt and as security for such loan he received a chattel mortgage, a confession of judgment, a series of promissory notes and an assignment of the refund in question. Twelve hundred dollars of the money thus loaned was paid on or about January 30, 1942, to the New York State Liquor Authority as a renewal fee for a liquor license. The chattel mortgage was filed in the office of the Register of New York City and the assignment in the office of the State Comptroller. The license was renewed on March 1, 1942.

The alleged bankrupt defaulted in paying the promissory notes and discontinued business. The mortgage was foreclosed and certain chattels were sold which sale resulted in a deficiency in the sum of $1,287.99. This was reduced to $1,000 and a judgment for that amount plus costs was docketed in the Municipal Court of the City of New York and transcripts were docketed in the offices of the County Clerks of Kings and Albany Counties.

The liquor license was turned over to the petitioner by the alleged bankrupt and steps were taken to surrender it and to obtain a refund. On August 20, 1942, the petitioner was notified that the State Comptroller held the sum of $782.91 as a refund but that other judgment creditors also claimed the money upon the strength of third party orders which had been served on the comptroller. The comptroller refused to make any payment until an adjudication was obtained as to the rightful recipients

of the money. The petitioner then served a third party order on the comptroller and instituted a proceeding in Albany County for an order directing that the money be paid to him. An order to that effect was granted on August 28, 1942. On the same day the involuntary petition in bankruptcy was filed and on the next day the order in question was served on the petitioner.

Upon the basis of these facts petitioner now contends that a chose in action for the refund in question vested in the alleged bankrupt on March 1, 1942, the date the liquor license was issued, and that on the same date he, the petitioner, acquired a valid lien on such refund by virtue of the assignment executed on January 5, 1942. He claims that because this lien attached to the fund more than four months before the filing of the petition in bankruptcy his right to it is paramount to that of a trustee. In support of this contention petitioner relies upon these cases. Niles v. Mathusa, 162 N.Y. 546, 57 N.E. 184; McNeeley v. Welz, 166 N.Y. 124, 59 N.E. 697; Okin v. Isaac Goldman Co., 2 Cir., 79 F.2d 317.

However, these cases do not support the proposition urged by the petitioner. As far as pertinent the two New York cases merely held that a liquor certificate or license is not a chattel but is a chose in action entitling the holder to a refund of any unused portion of the fee paid for such certificate or license.

The Okin case was an action by a trustee in bankruptcy to obtain funds claimed to have been illegally paid to certain creditors in preference to other creditors of the same class. The payments were all made within four months prior to the filing of the petition in bankruptcy. However, all the payments were made pursuant to assignments by the bankrupt of certain accounts receivable which it had with two named concerns. These assignments were made before the four month period, to become effective when the accounts came into existence. With the possible exception of two, the assigned accounts were also in existence before the four month period, and for that reason the court held that the payments were not preferred even though made within four months of the filing of the petition in bankruptcy. As to two of the payments the accounts might have come into existence during the four month period. Ordinarily they would have been preferred payments but the court, citing In re Bernard & Katz, Inc., 2 Cir., 38 F.2d 40, held that they were not preferred because they were made in liquidation of security for future advances of credit, which advances had actually been made. The advances took the place of the payments and for that reason the assets of the estate had not been depleted.

However, the court specifically pointed out in that case that under the law of New York, an agreement that payment should be made out of a fund when it came into existence, created an equitable lien valid as against a trustee in bankruptcy provided, however, the fund came into existence more than four months before the filing of the petition in bankruptcy.

The principal distinction between the case at bar and the Okin case is that in the latter case with the two exceptions noted, the thing assigned, namely the accounts receivable, came into existence more than four months before the filing of the petition in bankruptcy. Accordingly, the liens of the assignee also attached before the four month period. Here, even if we assume that the liquor license was a chose in action, the thing assigned was not the license. That could not be assigned. § 114, New York Alcoholic Beverage Control Law, Consol. Laws N.Y.C. 3-B. What was assigned was the right to a refund of money not then in existence. That fund did not come into existence until the license was surrendered and a receipt issued. Palmer v. Tremaine et al., 259 App.Div. 951, 20 N.Y.S.2d 145; Atlas Advertising Agency v. Casa Cubana, Inc., 259 App.Div. 951, 19 N.Y.S.2d 900; Gordon O'Neill Co., Inc., v. Ward, Sup., 32 N.Y.S.2d 559. As the fund came into existence within four months of the filing of the petition in bankruptcy, the lien of the petitioner is not valid as against a trustee in bankruptcy. The petitioner is not entitled to such money to the exclusion of other creditors of the same class. See Matter of Frank Morea, Bankruptcy No. 73085, September 1, 1939.[1]

Petition dismissed. Settle order on notice.

[1] No opinion for publication.